# CHARLESTOWN.

### WOODFORD *v.* HULL.

Submitted June 12, 1888.—Decided Sept. 15, 1888.

1. APPEAL—JUSTICE OF THE PEACE—MANDAMUS.

Where a judgment has been rendered by a justice upon the verdict of a jury, the Circuit Court can not, by *mandamus*, compel the justice to grant an appeal from said judgment; the Constitution forbidding any appeal in such case.

2. CERTIORARI—PROCEDURE.

A case in which it is held that a petition for *mandamus* could not be sustained as a proceeding by *certiorari*.

*Thomas Hunton* for plaintiff in error.

*W. W. Brannon* for defendant in error.

SNYDER, JUDGE:

Writ of error to a judgment of the Circuit Court of Lewis county, awarding a peremptory *mandamus* against the plaintiff in error, W. W. Hull, a justice of said county, commanding him to allow an appeal from a judgment rendered by him in the case of W. H. Kemper and wife against the defendant in error, A. W. Woodford.

The petition of said Woodford for the *mandamus* alleges that said action of Kemper and wife against him, the petitioner, was tried by a jury before said Hull, as a justice, and that a judgment was therein rendered against him for over $100.00; that on the same day said judgment was rendered the petitioner tendered the proper bond, with security, and asked the justice to grant him an appeal, but the justice refused to grant the appeal. The petition further alleges that the petitioner, after the justice had overruled several preliminary motions and defences offered by him to the action, withdrew his appearance before the jury was sworn, and that the case was tried by the jury without plea or issue of any kind whatever. Then, after setting forth various grounds of error in the proceedings of a justice, the petitioner prays " that a writ of *mandamus* be awarded against the said jus-

tice to compel him, the said justice, to transmit to the clerk of the Circuit Court the papers and proceedings in said action," and for other relief, etc.

The writ was duly issued as prayed for in the petition, and served on the justice, the said W. W. Hull, on December 30, 1886, more than 10 days after the said judgment had been rendered. On March 26, 1887, the said Hull, justice as aforesaid, appeared in court, and moved to quash the said writ; which motion the court overruled, and, the said justice declining to make any further answer to said writ, the court awarded a peremptory *mandamus* to compel said justice to send up all the original papers, the appeal-bond and proceedings in said action of Kemper and wife against the said Woodford, " as and for an appeal from his judgment in said action ; " and that said justice pay the costs of the proceeding. It is from this judgment that the said Hull, justice, has obtained this writ of error.

If the judgment pronounced by the justice, the plaintiff in error, had been one from which an appeal lay to the Circuit Court, then *mandamus* would have been the proper remedy. *Ex parte Morris*, 11 Gratt. 292; *Supervisors* v. *Minturn*, 4 W. Va. 300. This was evidently the theory upon which the petitioner, Woodford, and the Circuit Court, proceeded in this case. But this Court having, since the judgment was rendered by the Circuit Court, decided that no appeal will lie from the judgment of a justice rendered upon the verdict of a jury, whether the defendant appeared and contested the action or not, (*Hickman* v. *Railroad Co.*, 30 W. Va. 296, 4 S. E. Rep. 654,) it is plain that *mandamus* did not lie in this case, and therefore the Circuit Court erred in overruling the motion of the justice, Hull, to quash the alternate writ The justice could not be compelled by *mandamus*, or any other writ, to do that which the law forbids him to do.

But it is claimed by the counsel for Woodford, the defendant in error, that inasmuch as this court has decided in *Fouse* v. *Vandervort*, 30 W. Va. 327, 4 S. E. Rep. 298, that the Circuit Court has jurisdiction to review, by *certiorari*, the judgment of a justice rendered upon the verdict of a jury, the petition in the case at bar ought to be treated as a petition for a *certiorari*, and the proceedings and judgment of the

Circuit Court sustained as a proceeding upon *certiorari.* This can not be done, for at least two sufficient reasons:

*First.* Under the common-law, forms are as sacred as the principles they embody. They are precedents. The precise form being a precedent, the certainty of the principle is thereby fixed. Steph. Pl. (Tyler's Ed.) 14. The functions, as well as the forms, of the two writs, are very different. *Mandamus* lies to enforce the performance of ministerial duties, while *certiorari* lies simply to remove proceedings from inferior to superior tribunals in order that they may be reviewed and errors corrected. In the one case the awarding of the peremptory writ ends the proceeding, while in the other the awarding of the writ is merely an interlocutory part of the proceeding.

*Secondly.* The proceeding in this case can not, under any rule, however liberal, be maintained as a writ of *certiorari;* for, if we concede that the petition contains all averments essential to maintain such writ, still, as it neither prays for the writ nor makes the real litigant a party, the proceeding is fatally insufficient. The only defendant is the justice. As to him the case ended with the awarding of the *mandamus.* Kemper and wife, the real defendants to the controversy, and the only parties contesting the merits of the claim of the petitioner, Woodford, were not made parties to the petition, nor were they served with the writ, or otherwise brought before the court. The writ of *certiorari*, as enlarged by our statute, is in effect the equivalent of a writ of error in cases like the one under consideration ; and consequently it is indispensable, in a *certiorari* of this character, that the real contestants, who in this case are Kemper and wife, should be before the court. Such would unquestionably be the case in a proceeding by writ of error; and, because the statute has made *certiorari* the equivalent of the writ of error, it is equally necessary in that case. By either writ, under our statutes, it is the duty of the Circuit Court to review the action and judgment of the inferior court, and render such judgment as the inferior court should have rendered. This could not be done without having all the contesting parties before the court of review. In the case before us, Kemper and wife, the real contestants of the petitioner, were not be-

fore the court. It is therefore plain that neither the Circuit Court nor this Court can treat this as a proceeding by *certiorari.* For the reasons before stated the judgment of the Circuit Court must be reversed, and the petition of the said Woodford dismissed.

REVERSED. DISMISSED.