# CHARLESTON.

## Dempsey v. Board of Education of Hardee District.

Submitted June 24, 1894—Decided December 15, 1894.

### School Board—Mandamus—Levy.

A school board can not be compelled, by mandamus, to make a special levy for the payment of illegal orders, or other evidence of debt issued by it contrary to section 8, art. X, of the constitution, and the laws enacted in pursuance thereof.

Z. T. Vinson for plaintiff in error, cited Code c. 104, s. 19.

Dent, Judge :

This is a proceeding by *mandamus*, instituted and carried on by the administrator of William A. Dempsey, deceased, to compel the board of education of Hardee district, of Logan county, to lay a levy to pay the

following drafts drawn on the sheriff of said county by said board, to wit:

## "DRAFTS."

"No. 16.   Hardee District, Logan Co., W. Va., January 1st, 1875.   On or before the 1st day of April, 1875, the sheriff of Logan county pay to the order of Wm. A. Dempsey three hundred and fifty-six 07-000 dollars, with interest from date, and charge to special (1874) fund of Hardee district.   By order of the board of education.   Thos. Webb, President.   Ira Evans, Secretary.   (The above draft must specify what fund is meant,—whether building or school fund.)"

Indorsements on back of said order:

"Presented for payment Jan. 18th, 1876, and no funds in my hands to pay said order.   G. W. Taylor, S. L. C."

"No funds in my hands, and no arrangements to pay within claim.   Dec. 3, 1883.   R. W. Peck, S. L. C."

"No. 17.   Hardee District, Logan county, W. Va., January 1, 1875.   On or before the 1st day of April, 1876, the sheriff of Logan county pay to the order of W. A. Dempsey three hundred and fifty-six 07-100 dollars, bearing interest from date, and charge to special (1875) fund of Hardee district.   By order of the board of education.   Thos. Webb, President.   Ira Evans, Secretary.   (The above draft must specify what fund is meant,—whether building or school fund.)"

Indorsement on back of said order:

"No funds in my hands, and no arrangements to pay within claim.   Dec. 3, 1883.   R. W. Peck, S. L. C."

No. 18.   Hardee District, Logan County, W. Va., January 1, 1875.   On or before the 1st day of April, 1877, the sheriff of Logan county pay to the order of W. A. Dempsey three hundred and fifty six 07-100 dollars, bearing interest from date, and charge to special (1876) fund of Hardee district.   By order of the board of education.   Thos. Webb, President.   Ira Evans, Secretary.   (The above draft must specify what fund is meant—whether building or school fund.)

Indorsement on back of said order:

"No funds in my hands, and no arrangement to pay within claim.   Dec. 3, 1883.   R. L. Peck, S. L. C."

These proceedings began in August, 1884, and were continued by amendments, *etc.*, until the 26th day of October, 1891, when the Circuit Court finally determined the matter, and gave judgment for the defendant. The following defenses were interposed: First, That the drafts were *ultra vires*, illegal, null and void. Second, The statute of limitations. Third, Procured by fraud, the payee being a member of the board of education. Fourth, Issued in lieu of other orders, which had been provided for and paid out of former levies, which levies had gone into the hands of the payee, as deputy sheriff of said county. Fifth, That the sheriff had defaulted to the amount of the orders to the district, which had obtained and held an unpaid decree against him, he being insolvent.

The very first question presents itself, whether a board of education can be compelled by *mandamus* to pay any order issued by it against the sheriff. Section 37, chapter 45, of the Code provides: "When any order of the board upon the sheriff of the county or judgment or decree has been presented to such sheriff without obtaining payment, payment thereof may be enforced by the Circuit Court by *mandamus* or an order for a specific levy on the property taxable in the district." The same provision was in section 37, chapter 123, Acts 1872-73. This section must be construed together with section 8, article X, of the constitution, which forbids the contraction of any indebtedness on the part of any board of education without first having submitted all questions in relation thereto to a vote of the people. This section has been construed by this Court, in so far as county courts are concerned, and the same construction will apply to boards of education. *Davis* v. *County Court*, 38 W. Va. 104 (18 S. E. Rep. 373). It also must be construed along with section 45, chapter 45, Code, and also Acts 1872-73, which is in words as follows, to wit: "It shall not be lawful for the board of education of any district, or independent school district, to contract or expend, in any year, more than the aggregate amount of its quota of the general school fund, and the amount collected from the district, or independent school district levies of that year, together with any balance remaining in the hands of the sheriff or

collector at the end of the preceding year, and such arrearages of taxes as may be due such district or independent school district." This provision of the law was obviously made in compliance with the section of the constitution *supra*. Taking these provisions of the law together, and it is plain that the board of education has no authority to issue any evidences of debt whatsoever, but only to issue orders on the sheriff, in any year, limited to its "quota of the general school fund, and the amount collected from the district, or independent school district levies of that year, together with any balance remaining in the hands of the sheriff or collector at the end of the preceding year, and such arrearages of taxes as may be due such district or independent school district."

If the amount of the order, when issued by the board, is already in the hands of the sheriff, in accrued funds, or taxes levied but not collected, the board can not be commanded to provide a fund for the payment of such order, for it has already done so in the manner provided by law; but if there are no funds or levies in the hands of the sheriff, or provided for by said board, at the time of the issuance of such order, the same is issued without authority and in disobedience of the law, and operates as a contraction of a debt in obedience of the constitution, and is *ultra vires*, null and void, and *mandamus* will not lie to compel its payment.

To hold otherwise would be to say to the board: "It is unconstitutional and unlawful for you to contract a debt, and issue the evidence thereof; but, if you do so, we will compel you, by *mandamus*, to pay it." This would be lending the aid of the court to break down and destroy the constitution, and the laws made in pursuance thereof. The true meaning of the clause of section 37, chapter 45, of the Code, heretofore referred to, is that, if the sheriff fails to pay an order properly issued by the board of education, he may be compelled to do so by the *mandamus*; and, if the board fails to provide for judgments and decrees rendered against it, it may be required to make a specific levy for the purpose. Whenever an order is drawn on the sheriff by the board, it is to be presumed that he has funds or tax levies in his

hands liable for the payment of the same; but as soon as it is made to appear that such is not the case—which must be always alleged and shown in a *mandamus* proceeding against the board—the order becomes an illegal debt, and its payment can not be enforced. *Mandamus* will not lie to compel the doing of an illegal act. High, Extr. Rem. § 354; 14 A .M.· & Eng. Enc. Law, p. 168; *State* v. *Yeatman*, 22 Ohio St. 546; *People* v. *Village of Hyde Park*, 117 Ill. 462 (6 N. E. Rep. 33).

The drafts in controversy were issued by the board when there were no funds in the hands of the sheriff for their payment, but they were to be paid out of future levies. This was a clear violation of duty on the part of the board, and the creation of a debt against the district without authority so to do. If the sheriff had the funds to pay these orders, the remedy was to proceed against him; otherwise they were illegal. It matters not that these drafts were issued in lieu of other orders. The board of education was not authorized by law to fund its floating indebtedness, and make it continual or permanent. The only authority it had was, if it was legal, to provide for its payment by levy.

It is therefore plain that the *mandamus* applied for in this case was properly refused, and the judgment complained of is affirmed.