# CHARLESTON.

G. W. BUTLER *v.* COMPENSATION COMMISSIONER

(No. 6502)

Submitted September 18, 1929.   Decided September 24, 1929.
(Rehearing denied November 4, 1929.)

*F. A. McGrew,* for defendants in error.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for plaintiff in error.

LIVELY, JUDGE:

This writ of error is to review the judgment of the Court of Common Pleas of Kanawha county, entered on January 16, 1929, awarding to G. W. Butler a peremptory writ of

mandamus against the Compensation Commissioner requiring the latter to pay out of the compensation fund to Butler $6.00 a week from May 1, 1918, to March 18, 1926, with the interest thereon from the date at which payments became due until the amount of compensation therein required is paid. Later, on March 9, 1929, the circuit court of Kanawha county refused a writ or error to the judgment of the Common Pleas Court saying in its order of refusal that the judgment of the Court of Common Pleas was plainly right.

Butler petitioned the Court of Common Pleas of Kanawha county on December 18, 1928, to award him an alternative writ of mandamus against the State Compensation Commissioner commanding him to pay to the petitioner $6.00 a week for each week between the dates of May 1, 1918, to March 18, 1928, or show cause why he should not do so. In his petition he alleges that on May 11, 1914, he was awarded compensation by the Commissioner at the rate of $6.00 a week for a period of six months therefrom, and which date he had received an injury while in the employ of a coal company, a subscriber to the Workmens Compensation Fund; that on September 1, 1916, he was again placed on the compensation roll at the rate of $6.00 for the remainder of his natural life; that on May 1, 1918, the Commissioner wrongfully, illegally and without reason or authority at law, cancelled the award made to him on September 1, 1916, and that he did not receive any compensation from that time until the 18th of March, 1926, when he was again placed on the payroll at the rate of $6.00 a week for the remainder of his natural life and which compensation he is still receiving. On January 15, 1929, the Commissioner appeared to the alternative writ and filed a paper in writing which he termed a motion to quash and in which writing he averred that mandamus would not lie because petitioner had an adequate and complete remedy provided by section 43 of chapter 15P of the Code, providing for an appeal; that the act of the Commissioner on the first day of May, 1918, cancelling the award was a quasi judicial act which was within his judgment and discretion, therefore mandamus would not lie to control his discretion in that regard; that the question of the right of Butler to the

payment of compensation between May 1, 1918, and March 18, 1929, was fully adjudicated by the Supreme Court on November 19, 1928, refusing an application for appeal then presented by Butler from the judgment of the Commissioner and the award and finding of the Appeal Board. The proceedings of the attempted appeal from the order of the Commissioner and the Appeal Board, together with the orders entered thereon, one being an order entered by the Supreme Court, are filed as part of what is termed the motion to quash the alternative writ. There was no objection or exception to the filing of the papers with the written paper designated as a motion to quash. The court made them a part of the record and they are certified to us by the clerk as papers in the case. It appears from this pleading that Butler appealed from the order of the Commissioner dated the first day of May, 1918, to the Appeal Board, which he terms as the ''Grievance Appeal Commission'', which was composed of the Governor, as chairman, State Health Commissioner and the State Commissioner of Labor; and it appears from Butler's statement that after reviewing the record, that body ordered him to be reinstated and compensation paid to him, beginning on the 18th day of March, 1926, and that they refused to grant him compensation for the time intervening between the first day of May, 1918, and the time they then put him back on the payroll for compensation. Butler stated these facts in an application made by him to this Court and filed herein September 28, 1928. The application was refused by this Court on October 2, 1928. Butler immediately refiled his application which was acted upon by the Court on October 20, 1928, again refusing the appeal; and again this Court considered the application and entered an order on November 19, 1928, refusing the appeal and certifying the order to the Compensation Commissioner. It also appears from the papers that the Appeal Board, created by section 57, chapter 68 of the Acts of 1925, on the 18th day of March, 1925, made a final order in which it directed the Commissioner to pay Butler $6.00 a week for the remainder of his life. It, therefore, plainly appears from these papers filed without objection, that Mr. Butler appealed from the order, which he now claims

to have been made illegally, wrongfully and without reason or authority in law, entered May 1, 1928, by the Commissioner, to the Appeal Board or Commission for a hearing thereon and on the merits of his claim, which Board or Commission decided against his contention; and it must be presumed that the Appeal Board properly proceeded and decided the claim, in the absence of evidence to the contrary; and from that finding of the Appeal Board, Butler attempted to appeal to this Court and was refused several times, finally by entry of order of November 19, 1928. Butler pursued his remedy, given him by statute, to a final conclusion against him; and now he seeks to obtain a different result by this proceeding in mandamus. A statement suffices to show that he is not entitled to the writ. The difficulty we have had in considering this case arises out of the loose character of pleading filed by the respondent. A motion to quash an alternative writ goes to the form or substance of the writ; and it has been said that all formal objections to the writ must be so taken. A motion to quash serves the purpose of a demurrer, and tests the legal sufficiency of the case set out in the alternative writ. It will be observed that the written motion, termed a motion to quash, goes outside of what appears on the face of the alternative writ, or the petition therefor, and brings in matters which are in the nature of an estoppel. It may be that counsel considered that the rules of pleading are not strictly applied to compensation cases; but this is a case in court for mandamus arising out of a compensation case. The strict legal rules in such instances should be followed, and looseness in pleadings should be condemned. However, the papers above referred to set out in the motion to quash were allowed to go into the case without objection or exception and were considered by the court, and made a part of the pleadings in the case by order. It seems that counsel and the court considered these papers as properly pleaded; and looking to substance rather than to form, we think the motion to quash should be considered also in the nature of a plea of estoppel, or a return to the writ.

And considering these facts set out in what is termed a motion to quash, and above recited, it clearly appears that

mandamus will not lie. As above stated, it appears that the Commission, composed of the Governor, Commissioner of Health and Commissioner of Labor, created by section 57, chapter 68 Acts 1925, made an award to Butler on his appeal to it, and certified that award to the Compensation Commissioner, which made it his duty to pay that award alone, the statute providing that the majority decision of the Commission shall be binding on the Commissioner in the payment of compensation. When that order was made and certified to the Commissioner, he had no discretion to refuse to pay the compensation awarded, nor had he the right to pay any other compensation in excess of that pronounced by the Commission. To compel him to do so by mandamus would compel him to do an act which is prohibited by the statute. It is quite well setled that mandamus will not lie to compel the performance of an unlawful act, or one prohibited by statute. *Woodford v. Hull,* 31 W. Va. 470; *Dempsey v. Board of Education,* 40 W. Va. 99; *State ex rel Matheny v. County Court,* 47 W. Va. 672. Mandamus will not lie to compel a public officer to do a particular thing which his superior in authority has lawfully ordered him not to do. *Butterworth v. United States,* 112 U. S. 50.

The order of the circuit court above referred to refusing an appeal on the ground that the judgment of the Court of Common Pleas was plainly right, will be reversed; also the judgment of the Court of Common Pleas will be reversed; and the case dismissed.

*Judgment reversed;*
*case dismissed.*