350 S.E.2d 724

**STATE of West Virginia ex
rel. Ken MORGAN**

v.

**The Honorable Margaret D. MILLER,
Clerk of the County Commission of
Kanawha County, West Virginia.**

No. 16870.

Supreme Court of Appeals of
West Virginia.

Nov. 19, 1986.

Robert P. Martin, Charleston, for appellant.

Beverly Selby, Asst. Pros. Atty., Charleston, for appellee.

McGRAW, Justice:

This is an appeal from a final order of the Circuit Court of Kanawha County, entered February 8, 1985, which denied the writ of mandamus sought by the appellant, Ken Morgan, to compel the appellee, Margaret D. Miller, Clerk of the County Commission of Kanawha County, to file certain reports *nunc pro tunc* as of December 31, 1984. Such a retroactive filing would allow the appellant to comply with the requirements of West Virginia Code § 11A–3–20

(1983 Replacement Vol.),[1] which sets forth what a purchaser of real estate at a tax sale must do in the year following the tax sale before a deed for the real estate can be secured. The question presented on appeal is whether a tax sale purchaser who failed to file certain reports within the statutory filing period, but who claims that he could have complied with the statute but for the clerk's office being improperly closed, is entitled to a writ of mandamus compelling the clerk to make the filings retroactive to the final day allowed for filing under the statute. For the reasons set forth below, we conclude that the appellant is not entitled to a writ of mandamus, and we affirm the judgment of the circuit court denying the extraordinary remedy prayed for.

## I.

Pursuant to West Virginia Code § 11A-3-20, a purchaser at a tax sale will lose all the benefits of his purchase unless each of the following three items are accomplished by or on behalf of the purchaser on or before December 31 of the year following the sale: (1) secure and file with the clerk of the county commission a survey or report of the real estate purchased; (2) examine the title in order to prepare a list of those to be served with notice to redeem and request the clerk of the county commission to prepare and serve the notice to redeem; and (3) deposit, or offer to deposit, with the clerk of the county commission a sum sufficient to cover the cost of preparing and serving the notice to redeem.

In November 1983, the appellant appeared at a sale of land for delinquent taxes conducted by the sheriff of Kanawha County, at which time he was the successful bidder for the purchase of six parcels of land situate in various parts of Kanawha County. On November 15, 1984, the appellant retained counsel to perform title examinations on the real estate purchased and to prepare and file with the clerk the information needed to prepare and serve the notice to redeem. The appellant's counsellor completed the title examinations and certifications on Sunday, December 30, 1984, and on that same day he requested a land surveyor licensed in West Virginia, doing business in Charleston, to examine the real estate purchased and to prepare survey reports for filing with the clerk's office.[2]

1. West Virginia Code § 11A-3-20 provides:

    At any time after October thirty-first of the year following the sale, and on or before December thirty-first of the same year, the purchaser, his heirs or assigns, in order to secure a deed for the real estate purchased, must: (1) Secure and file with the clerk of the county court [county commission] the survey or report provided for in sections twenty-one and twenty-two [§§ 11A-3-21 and 11A-3-22] of this article; (2) examine the title in order to prepare a list of those to be served with notice to redeem and request the clerk to prepare and serve the notice as provided in sections twenty-three and twenty-four [§§ 11A-3-23 and 11A-3-24] of this article; and (3) deposit, or offer to deposit, with the clerk a sum sufficient to cover the cost of preparing and serving the notice. For failure to meet these requirements, the purchaser shall lose all the benefits of his purchase.

    If the person requesting preparation and serve of the notice is an assignee of the purchaser, he shall, at the time of the request, file with the clerk a written assignment to him of the purchaser's rights, executed, acknowledged and certified in the manner required to make a valid deed.

2. West Virginia Code § 11A-3-21 (1983 Replacement Vol.), which sets forth the information to be provided in a survey report, provides:

    Except as provided in the following section [§ 11A-3-22], an individual purchaser at the tax sale, his heirs or assigns, must, at his or their expense, have the county surveyor or a competent surveyor or civil engineer make either a report or a survey of the real estate purchased. The report shall contain such a description of the property as will identify it, and shall specify the metes and bounds thereof, if ascertainable without a survey, unless there is a recorded plat of such property to which reference can be made. If a survey is preferred, a plat of the property and description thereof by metes and bounds must be obtained from the surveyor. If the sale was of an undivided interest in any property, the report or survey shall be of the entire property. The report or the plat and description must be filed with the clerk of the county court [county commission] within the time specified in section twenty [§ 11A-3-20] of this article. The fact and time of such filing shall be endorsed by the clerk on the report or on the plat and description.

The surveyor responded that he could not commence work on the survey reports until Monday, December 31, 1984. The appellant's counsellor instructed the surveyor to proceed "as best as he could" on December 31, 1984.

The brief filed on behalf of the appellant indicates that the appellant's counsellor was "advised" on December 31, 1984, that the clerk's office was closed on that day, and that it would be impossible for him to tender the title examination reports and survey reports for filing on that day. However, both the appellant's brief and the record designated by the parties are silent as to who "advised" the appellant's counsellor concerning this matter. On the other hand, the record does show that the appellant's counsellor did not make an effort to file the reports on December 31, 1984. Instead, he instructed the surveyor to have the survey reports prepared and ready for filing on Wednesday, January 2, 1985. On January 2, 1985, the appellant's counsellor appeared in the clerk's office with the title examination reports and the survey reports and attempted to tender those documents to a deputy clerk for filing *nunc pro tunc* as of December 31, 1984. The deputy clerk advised him that the reports could not be filed on January 2, 1985, because they were required to have been filed on or before December 31, 1984, pursuant to West Virginia Code § 11A–3–20.

A petition was subsequently filed by the appellant in the Circuit Court of Kanawha County praying for the issuance of a writ of mandamus to compel the clerk to accept and file the reports *nunc pro tunc* as of December 31, 1984, in order to allow compliance with the requirements of West Virginia Code § 11A–3–20. The appellant alleged that the clerk's office was improperly closed on December 31, 1984, the last day for filing the reports under the statutory filing period, and that but for the clerk's office being closed he would have been able to comply with the statute.[3] Thus, the appellant argued that it was the clerk's duty to file the reports on the next regular business day, January 2, 1985. The appellant took the position that West Virginia Code §§ 2–2–1 (Cum.Supp.1984)[4] and 2–2–2 (1979 Replacement Vol.),[5] which provide that if any act is directed to be done on a day that falls on a Saturday, Sunday or legal holiday, then the next day which is not a Saturday, Sunday or legal holiday shall be deemed to be the day intended, should apply to authorize the retroactive filing sought by the appellant.

The circuit court concluded that the clerk was required to have her office open during regular business hours on December 31, 1984, pursuant to West Virginia Code

---

3. The clerk filed an answer to the petition for writ of mandamus in which she admitted the appellant's allegations insofar as they related to the clerk's actions. In a position letter submitted to this Court in lieu of a brief, the clerk admits that she closed her offices on December 31, 1984, but contends that she merely followed the directive of the County Commission of Kanawha County in doing so. Submitted with the clerk's position letter is a copy of a letter dated December 13, 1984, from the Commission to all elected officials, agency heads and department heads in Kanawha County announcing that the Kanawha County Courthouse would be closed on Monday, December 31, 1984.

4. West Virginia Code § 2–2–1 (Cum.Supp.1984) provided, in pertinent part:

When the return day of any summons or other court proceeding or any notice or time fixed for holding any court or doing any official act shall fall on any of these holidays, the next ensuing day which is not a Saturday, Sunday or legal holiday shall be taken as

meant and intended: Provided, that nothing herein contained shall increase nor diminish the legal school holidays provided for in section two [§ 18A–5–2], article five, chapter eighteen-A of this Code.

5. West Virginia Code § 2–2–2 provides:

When a proceeding is directed to take place or any act to be done on any particular day of the month or within any period of time prescribed or allowed, including those provided by article two [§ 55–2–1 et seq.], chapter fifty-five of this Code, if that day or the last day falls on a Saturday, Sunday or legal holiday, the next day which is not a Saturday, Sunday or legal holiday shall be deemed to be the one intended, and when the day upon which a term of court is directed by law to commence, falls on a Saturday, Sunday or legal holiday, the following day which is not a Saturday, Sunday or legal holiday shall be deemed to be the day intended. When an adjournment is authorized from day to day, an adjournment from Friday to Monday will be legal.

§ 7–3–2 (1984 Replacement Vol.).[6] The circuit court determined, nevertheless, that the clerk did not owe a duty to the appellant to file the reports retroactively on January 2, 1985, because the filing deadline established by West Virginia Code § 11A–3–20 is mandatory and noncompliance therewith is a jurisdictional defect. Additionally, the circuit court decided that the provisions of West Virginia Code §§ 2–2–1 and 2–2–2 did not authorize the filing of the reports on January 2, 1985, because December 31, 1984, was not a Saturday, Sunday or legal holiday.

Based on this reasoning, the circuit court held that the appellant was not entitled to the extraordinary remedy prayed for. An order was thereupon entered by the circuit court denying the issuance of a writ of mandamus. We find no error in the circuit court's judgment that the appellant is not entitled to a writ of mandamus, and we affirm.

## II.

In Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969), we outlined the elements required for the issuance of a writ of mandamus as follows:

A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a clear legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Additionally, we have established the rule that mandamus will be denied where it will require a person to perform an act that is illegal or in contravention of public policy. Syl. pt. 1, *Pardue v. County Court*, 105 W.Va. 235, 141 S.E. 874 (1928).[7] In this case, we find that the appellant does not have a clear existing right to file the reports beyond the statutory filing period, nor does the clerk have a clear legal duty to make such a filing. To the contrary, issuance of a writ of mandamus would compel the clerk to act in contravention of West Virginia Code § 11A–3–20 and the public policy favoring the security of land titles.

The well established rule in this jurisdiction is that "[p]ersons seeking to obtain complete title to property sold for taxes must comply literally with the statutory requirements." Syl. pt. 1, *Cook v. Duncan*, 171 W.Va. 747, 301 S.E.2d 837 (1983) (citing *Koontz v. Ball*, 96 W.Va. 117, 122 S.E. 461 (1924)). In order to secure a deed for the real estate purchased, a tax sale purchaser on or before December 31 of the year following the sale, must secure and file with the clerk a survey or a surveyor's report of the property and must

---

**6.** West Virginia Code § 7–3–2 provides, in pertinent part, as follows:

The county commission of every county, at the expense of the county, shall provide at the county seat thereof a suitable courthouse and jail, together with suitable offices for the judge of the circuit court and judges of courts of limited jurisdiction, clerks of circuit courts, courts of limited jurisdiction and of the county commission, assessor, sheriff, prosecuting attorney, county superintendent of schools, and surveyor, and all other offices as are or may be required by law: Provided, that the courthouse, including any annex or other facility housing the courts and offices herein set out, (excepting all facilities that are on a twenty-four-hour basis), *shall be open to the public Monday through Saturday during the hours prescribed by the county commission by an order duly recorded in the order book of the commission, excluding Sundays and national or state holidays,* and may, with the consent of the county commission in counties having a population in excess of one hundred thousand be closed on Saturday.... (emphasis added).

**7.** *See also State ex rel. Board of Education v. Casey,* 176 W.Va. 733, 349 S.E.2d 436, 438 (1986); Syl. pt. 3, *State ex rel. Henson v. Gore,* 151 W.Va. 97, 150 S.E.2d 575 (1966); Syl. pt. 4, *State ex rel. Point Towing Co. v. McDonough,* 150 W.Va. 724, 149 S.E.2d 302 (1966); Syl. pt. 3, *State ex rel. County Court v. Arthur,* 150 W.Va. 293, 145 S.E.2d 34 (1965); Syl. pt. 2, *State ex rel. Damron v. Ferrell,* 149 W.Va. 773, 143 S.E.2d 469 (1965); *State ex rel. Summerfield v. Maxwell,* 148 W.Va. 535, 540, 135 S.E.2d 741, 745 (1964); Syl. pt. 7, *State ex rel. City of Huntington v. Heffley,* 127 W.Va. 254, 32 S.E.2d 456 (1945); Syl. pt. 2, *Butler v. State Compensation Commissioner,* 107 W.Va. 619, 149 S.E. 828 (1929); Syl. pt. 6, *State ex rel. Matheny v. County Court,* 47 W.Va. 672, 35 S.E. 959 (1900); Syl., *Dempsey v. Board of Education,* 40 W.Va. 99, 20 S.E. 811 (1894); *Woodford v. Hull,* 31 W.Va. 470, 471, 7 S.E. 450, 451 (1888).

examine the title to identify and prepare a list of all individuals with an interest in the property who are to be served with a notice to redeem. W.Va.Code § 11A–3–20. *See also Don S. Co. v. Roach*, 168 W.Va. 605, 285 S.E.2d 491 (1981) (explaining the statutory procedures under which property is sold for delinquent taxes). The filing of such information before the expiration of the statutory filing period is mandatory, and the failure of a purchaser of land sold for delinquent taxes to comply with the filing requirements is a fatal defect with regard to the preliminary procedures necessary to give the clerk of the county commission power to make a tax deed. *See, e.g., Stiles v. Layman*, 127 W.Va. 507, 33 S.E.2d 601 (1945); *Caplan v. Shaw*, 126 W.Va. 676, 30 S.E.2d 132 (1944).

In Syllabus Point 1, *Shaffer v. Mareve Oil Corp.*, 157 W.Va. 816, 204 S.E.2d 404 (1974),[8] where an attack was made under West Virginia Code § 11A–3–31 (1983 Replacement Vol.)[9] against the validity of a tax deed, we held that lack of compliance with the provisions of West Virginia Code § 11A–3–20 is a jurisdictional defect not subject to the presumption and curative measures established by West Virginia Code §§ 11A–3–28 (1983 Replacement Vol.) and 11A–3–29 (1983 Replacement Vol.).[10]

### III.

In the present case, the appellant does not dispute the mandatory nature of West Virginia Code § 11A–3–20. Rather, he now attacks the circuit court's ruling that, since December 31, 1984, was not a legal holiday, he cannot take advantage of the provisions of West Virginia Code §§ 2–2–1 and –2 which he says would have allowed the filing on the next working day after a holiday. The appellant contends this ruling places him in a Catch–22 situation.[11] He argues that, if December 31, 1984, had been a legal holiday and the clerk's office was properly closed, he would have been allowed to file his reports on January 2, 1985, and still be considered in compliance with section 11A–3–20, but, because the closing of the clerk's office was *improper*, he is denied a remedy which would otherwise have been available to him. Finally, the appellant argues that he will have no other adequate remedy if a writ of mandamus is not issued.

It is true that the clerk's office should have been open on December 31, 1984. Pursuant to West Virginia Code § 7–3–2, the county commission of every county has the authority to regulate the hours that the county courthouse will remain open, but the county commission does not have authority to designate legal holidays for the purpose of closing the courthouse. The only holidays on which the courthouse may be closed are those state or national legal holidays designated or authorized by the Legislature. W.Va.Code § 7–3–2. There is no dispute that Monday, December 31, 1984, was not a state or national holiday. None of the days enumerated as state legal holidays in our statute then in effect, West

---

**8.** Syllabus Point 1, *Shaffer v. Mareve Oil Corp.*, 157 W.Va. 816, 204 S.E.2d 404 (1974), provides:

Lack of compliance with the provisions of Code 1931, 11A–3–20, as amended, requiring the tax purchaser to search the records to ascertain the true owners of the real estate sold for nonpayment of taxes, is a jurisdictional defect not validated by the presumption and curative language contained in Sections 28 and 29 of Article 3, Chapter 11A, Code 1931, as amended.

*See also Gates v. Morris*, 123 W.Va. 6, 13 S.E.2d 473 (1941) (jurisdictional defects cannot be cured).

**9.** West Virginia Code § 11A–3–31 provides that a tax sale purchaser's failure to comply with West Virginia Code § 11A–3–20 gives rise to a cause of action by the original owner, his heirs or assigns to set aside a tax deed made by a clerk to such purchaser who was not entitled to a deed because of lack of compliance.

**10.** West Virginia Code § 11A–3–28 (1983 Replacement Vol.) is a presumptive statute which makes a tax deed conclusive evidence that the requirements necessary to obtain title have been met. West Virginia Code § 11A–3–29 (1983 Replacement Vol.) is a curative statute which generally provides that a tax deed is valid notwithstanding irregularities of different kinds.

**11.** A Catch–22 is "a problematic situation for which the only solution is denied by a circumstance inherent in the problem." Webster's Ninth New Collegiate Dictionary 215 (1983).

Virginia Code § 2–2–1 (Cum.Supp.1984),[12] fell on December 31, 1984. Furthermore, there is no claim that December 31, 1984, was appointed or recommended as a holiday by gubernatorial or presidential proclamation. Instead, the clerk's office was closed on December 31, 1984, pursuant to an improper order of the County Commission of Kanawha County.[13]

The law in this State is settled that only the Legislature has the power to authorize by general legislation the observance of legal holidays. W.Va.Code § 2–2–1; *see* Syl. pt. 1, *Pullano v. City of Bluefield*, 176 W.Va. 198, 342 S.E.2d 164 (1986).[14] West Virginia Code § 7–3–2 provides that county courthouse offices must, with certain exceptions, be open to the public Monday through Saturday. In *State ex rel. Taxpayers Protective Ass'n of Raleigh County v. Hanks*, 157 W.Va. 350, 201 S.E.2d 304 (1973), we held that the provision in West Virginia Code § 7–3–2 exempting counties with a population in excess of one hundred thousand from the requirement that courthouses are to remain open on Saturday was unconstitutional. The Court recognized in *Hanks* that one of the purposes of West Virginia Code § 7–3–2 is

to "require offices in county courthouses to be open for access to the citizens of each affected county on Saturdays." *Id.*, 157 W.Va. at 358, 201 S.E.2d at 308. The question presented was whether the exemption had a reasonable relationship to the purpose of the statute so as to not violate article VI, section 39 of the West Virginia Constitution, which prohibits the Legislature from passing local or special laws "[r]egulating or changing county or district affairs" and from passing a special act "where a general law would be proper." In reaching its decision, the Court formulated the following standard in Syllabus Point 2 to determine if a statute is general in nature: "A statute is general when it operates uniformly on all persons and things of a class and such classification is natural, reasonable and appropriate to the purpose sought to be accomplished."

Applying this standard in *Hanks*, the Court held that the classification under consideration was arbitrary and that it had no natural or reasonable relationship to the purpose of West Virginia Code § 7–3–2. Thus, the Court declared the exemption allowing the Saturday closing in certain counties unconstitutional as violating arti-

---

12. West Virginia Code § 2–2–1 (Cum.Supp. 1984), in pertinent part, provided:

> The following days shall be regarded, treated and observed as legal holidays, viz: The first day of January, commonly called "New Year's Day"; on and after the fifteenth day of January, one thousand nine hundred eighty-three, the fifteenth day of January, commonly called "Martin Luther King's Birthday"; the twelfth day of February, commonly called "Lincoln's Birthday"; the third Monday of February, commonly called "Washington's Birthday"; the last Monday in May, commonly called "Memorial Day"; the twentieth day of June, commonly called "West Virginia Day"; the fourth day of July, commonly called "Independence Day"; the first Monday of September, commonly called "Labor Day"; the second Monday of October, commonly called "Columbus Day"; the eleventh day of November, hereafter referred to as "Veterans Day"; the fourth Thursday of November, commonly called "Thanksgiving Day"; the twenty-fifth day of December, commonly called "Christmas Day"; any national, state or other election day throughout the district or municipality wherein the election is held; and all days which may be appointed or recommended by the governor of this State, or the president of the United States, as days of

thanksgiving, or for the general cessation of business; and when any of these days or dates falls on a Sunday, then the succeeding Monday shall be regarded, treated and observed as the legal holiday.

13. The order which purportedly authorized the County Commission of Kanawha County to close the courthouse at its discretion was entered on January 5, 1984. The pertinent portion of that order provides:

> The Commission further ORDERED that all public offices in the Courthouse shall remain open for daily use by the citizens of Kanawha County for the transaction of their business on Monday through Friday of each week, between the hours of 8:00 A.M. and 4:00 P.M., except legal holiday periods specifically ordered by this Commission, and the Commission further ORDERED that the Courthouse shall be closed on Saturday and Sunday of each week until further order of this Commission.

14. In Syllabus Point 1 of *Pullano*, we held: "Legal holidays are generally created either by legislative enactments or by gubernatorial or presidential proclamations authorized by general legislation."

cle VI, section 39 of the West Virginia Constitution. *Id.*, 57 W.Va. at 358, 201 S.E.2d at 309. Subsequent to this holding, the Legislature reenacted West Virginia Code § 7–3–2 without deleting that portion containing the arbitrary and unconstitutional classification. 1980 W.Va.Acts Chapter 32. We, therefore, find it necessary to restate and affirm our decision in *Hanks.* In doing so, we apply the doctrine of the least intrusive remedy, which has been articulated by various decisions of this Court, to strike only that portion of the statute which is unconstitutional. *See In re Dostert*, 174 W.Va. 258, 324 S.E.2d 402, 412–13 (1984); *Bailey v. Truby*, 174 W.Va. 8, 321 S.E.2d 302, 306 (1984); *Anderson's Paving, Inc. v. Hayes*, 170 W.Va. 640, 295 S.E.2d 805, 807 (1982); *Don S. Co. v. Roach*, 168 W.Va. 605, 613–14, 285 S.E.2d 491, 496 (1981); *State ex rel. S.M.B. v. D.A.P.*, 168 W.Va. 455, 461, 284 S.E.2d 912, 916 (1981); *Mauck v. City of Martinsburg*, 167 W.Va. 332, 280 S.E.2d 216, 220 (1981); *Weaver v. Shaffer*, 170 W.Va. 107, 290 S.E.2d 244, 249–51 (1980); *Waite v. Civil Service Commission*, 161 W.Va. 154, 166, 241 S.E. 164, 170–71 (1977); *State ex rel. Whitman v. Fox*, 160 W.Va. 633, 642–43, 236 S.E.2d 565, 571 (1977); *State ex rel. Cogar v. Kidd*, 160 W.Va. 371, 375, 234 S.E.2d 899, 902 (1977); *State ex rel. Harris v. Calendine*, 160 W.Va. 172, 176–80, 233 S.E.2d 318, 322–24 (1977); *State ex rel. Alsop v. McCartney*, 159 W.Va. 829, 839–40, 228 S.E.2d 278, 283–84 (1976); *State v. Flinn*, 158 W.Va. 111, 130, 208 S.E.2d 538, 549 (1974); Syl. pt. 6, *State v. Heston*, 137 W.Va. 375, 71 S.E.2d 481 (1952). We, therefore, hold that the language in West Virginia Code § 7–3–2, "and may, with the consent of the county commission in counties having a population in excess of one hundred thousand be closed on Saturday," is unconstitutional under West Virginia Constitution article VI, section 39 because it creates an arbitrary classification which frustrates the purpose of the statute.

Although the clerk's office was improperly closed on December 31, 1984, we are not persuaded to compel the clerk to file the reports *nunc pro tunc* as of December 31, 1984. The statutory procedures for the sale of land for delinquent taxes are mandatory and are strictly construed in favor of the original landowner. *Koontz*, 96 W.Va. 117, 122 S.E. 461. Furthermore, noncompliance with the requirements of West Virginia Code § 11A–3–20 is a jurisdictional defect not subject to curative measures. *Shaffer*, 157 W.Va. 816, 204 S.E.2d 404.

In this instance, the appellant retained counsel on November 15, 1984, for the purpose of completing the title examination reports and securing the survey reports; however, the appellant's counsellor delayed more than a month before contacting the surveyor on Sunday, December 30, 1984, to request that the survey reports be prepared. The record shows that the surveyor could not begin work on the survey reports until Monday, December 31, 1984, the last day for filing under West Virginia Code § 11A–3–20, and that the counsellor told the surveyor to proceed "as best as he could" on December 31, 1984. Once the counsellor was advised that the clerk's office was closed on December 31, 1984, he made no attempt whatsoever to tender the reports for filing.[15] Instead, he instructed the surveyor to have the survey reports prepared for filing on January 2, 1985.

These facts lead us to conclude that the appellant was not vigilantly attentive to the mandatory filing requirements, and is not entitled to a writ of mandamus. The appellant's failure to file the title examination reports and the survey reports on or before December 31, 1984, rendered the clerk without jurisdiction to undertake the remaining procedures necessary to convey title to the appellant. Furthermore, we are not persuaded by the appellant's argument that the clerk's improper closing

---

**15.** It was the appellant's responsibility to present the reports to the clerk for filing on December 31, 1984; however, the record reveals that no efforts were made in this regard after the appellant's counsellor was "advised" that the clerk's office was closed. The appellant does not claim that his counsellor traveled to the courthouse in an attempt to tender the reports for filing, nor is it claimed that there was an attempt to contact the clerk or any of her deputy clerks or staff members in order to have them make the mandatory filings on December 31, 1984.

should be likened to a holiday so as to allow late filing under West Virginia Code §§ 2–2–1 and 2–2–2. West Virginia Code §§ 2–2–1 and 2–2–2 authorize an otherwise late filing only where the act directed to be done falls on a day on which the clerk's office is properly closed. The appellant does not dispute that December 31, 1984, was not such a day.

▆▆▆▆▆ Even if the appellant's efforts to comply with West Virginia Code § 11A–3–20 within the statutory filing period had been frustrated by the clerk's failure to have her office open on December 31, 1984, we would deny the appellant's plea that we compel the clerk to make a late filing. Issuance of a writ of mandamus is prohibited where it would compel a clerk to act in contravention of the mandatory filing requirements established by West Virginia Code § 11A–3–20 and the public policy formulated by the Legislature favoring the security of land titles.[16] *See* Syl. pt. 1, *Pardue*, 105 W.Va. 235, 141 S.E. 874. Furthermore, the right of a landowner to have the statutory procedures complied with before he is deprived of his land is fundamental, and it cannot be circumvented by a clerk's failure to have her office open as required by statute. These rules are especially applicable where the appellant's own delay and lack of attentiveness has placed him in a perilous position.

▆▆▆▆▆ In the case of noncompliance with West Virginia Code § 11A–3–20, the

law is clear: "For failure to meet these requirements, the purchaser shall lose all the benefits of his purchase." W.Va.Code § 11A–3–20. In Syllabus Point 1, *Nelson v. West Virginia Public Employees Ins. Bd.*, 171 W.Va. 445, 300 S.E.2d 86 (1982), we held: "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Accordingly, we hold that the appellant must lose all the benefits of his purchase as a result of his failure to comply with West Virginia Code § 11A–3–20. Nevertheless, if the appellant is able to make a clear showing that the survey reports could have been completed and filed on December 31, 1984, but for the improper closing of the clerk's office, he will be able to maintain an action under West Virginia Code § 11A–3–42 (1983 Replacement Vol.) for damages sustained by him by reason of the improper closing.[17]

Having found that the appellant is not entitled to a writ of mandamus, we affirm the judgment of the circuit court denying the appellant's petition.

Affirmed.

---

16. West Virginia Code § 11A–3–1 (1983 Replacement Vol.) provides:

In view of the paramount necessity of providing regular tax income for the State, county and municipal governments, particularly for school purposes; and in view of the fact that tax delinquency, aside from being a burden on the taxpayers of the State, seriously impairs the rendering of these essential services; and in view of the further fact that delinquent land, with its attendant problems made acute by the events of the past decade, not only constitutes a public liability, but also represents a failure on the part of delinquent private owners to bear a fair share of the costs of government; now, therefore, the legislature declares that its purpose in the enactment of this and the following article [§ 11A–4–1 et seq.] is threefold: First, to provide for the speedy and expeditious enforcement of the tax claims of the State and its subdivisions; second, to provide for the transfer of

delinquent lands to those more responsible to, or better able to bear, the duties of citizenship than were the former owners; and third, *in furtherance of the policy favoring the security of land titles, to establish an efficient procedure that will quickly and finally dispose of all claims of the delinquent former owner and secure to the new owner the full benefit of his purchase.* (emphasis added).

17. West Virginia Code § 11A–3–42 provides:

If any officer mentioned in this article shall fail or refuse to perform any duty required of him, he and the sureties on his official bond shall be liable in an action on the bond for such damages as may be sustained by any person by reason of such failure. In addition to this liability, he shall forfeit not less than twenty-five nor more than one hundred dollars for each failure or refusal, unless a different penalty is imposed by the provisions of this article.