**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

ALBIN LITTELL, INDIVIDUALLY, AND
AS TRUSTEE OF THE LITTELL COAL INTEREST TRUST,
**Plaintiff Below, Petitioner**

**FILED**
**April 28, 2016**
**released at 3:00 p.m.**
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 15-0364  (McDowell County No. 08-C-178)**

STEVE MULLINS AND DONALD HICKS,
CLERK OF THE COUNTY COMMISSION OF MCDOWELL COUNTY,
**Defendants Below, Respondents**

**MEMORANDUM DECISION**

The petitioner herein and plaintiff below, Albin Littell, individually ("Mr. Littell"), and as Trustee of the Littell Coal Interest Trust ("Littell Coal Trust"),[1] by counsel Derrick W. Lefler, appeals from an order entered March 25, 2015, by the Circuit Court of McDowell County. By that order, the court determined that the April 26, 2006, tax deed issued to the respondent herein and defendant below, Steve Mullins ("Mr. Mullins"), by counsel Philip A. LaCaria, was valid and enforceable. On appeal to this Court, Mr. Littell contends that the additional respondent herein and defendant below, Donald Hicks ("Mr. Hicks"), Clerk of the County Commission of McDowell County,[2] should not have issued the subject tax deed conveying Mr. Littell's 2/9 undivided interest in Parcel 7 to Mr. Mullins because Mr. Mullins failed to comply with the notice requirements provided by W. Va. Code § 11A-3-19(a)(1) (1998) (Repl. Vol. 2005).[3]

---

[1]Where the context does not require a distinction between Albin Littell, individually, and as Trustee of the Littell Coal Interest Trust, both parties will be referred to collectively as "Mr. Littell."

[2]Mr. Hicks has not made an appearance in the instant proceeding before this Court.

[3]Since the occurrence of the events at issue herein, many of the relevant statutory provisions have been amended by the Legislature. Nevertheless, we will apply those versions of the pertinent statutes that were in effect at the time of the conduct giving rise to the instant proceeding.

1

Upon our review of the parties' arguments, the appendix record, and the pertinent authorities, we conclude that Mr. Mullins did not provide notice of the right to redeem to the co-owners of Parcel 7 as required by the governing statutes. Accordingly, we reverse the circuit court's March 25, 2015, order and remand this case with directions to set aside the April 26, 2006, tax deed to Mr. Mullins upon Mr. Littell's satisfaction of the payment provisions of W. Va. Code § 11A-4-3(a) (1994) (Repl. Vol. 2010). Because this case does not present a new or significant issue of law, and for the reasons set forth herein, we find this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is proper for disposition as a memorandum decision.

Mr. Littell's predecessor in title, his grandmother Nancy Doonan ("Ms. Doonan"), was a resident of Arizona when she died in 1989. At the time of her death, she owned a 2/9 undivided interest in the subject Parcel 7, which consists of a 279 acre tract in the Big Creek District of McDowell County, West Virginia. Ms. Doonan had acquired this undivided interest in Parcel 7 through inheritance, and, upon her death, her will transferred her interest in Parcel 7 to a Residuary Trust ("Trust"), the proceeds of which eventually were distributed to the Trust's sole beneficiaries, Ms. Doonan's daughter, Letticia Louise Littell ("Ms. Littell"), and grandson, Mr. Littell. In 1999, upon their receipt of this 2/9 undivided interest in Parcel 7, Ms. Littell and Mr. Littell formed the Littell Coal Interest Trust ("Littell Coal Trust"), with their interest in Parcel 7 as the Littell Coal Trust's principal. None of these transfers of Ms. Doonan's undivided interest in Parcel 7, either through her will to the Trust, from the Trust to its beneficiaries, or from Ms. Littell and Mr. Littell to the Littell Coal Trust, were recorded in the McDowell County land records. Although Ms. Doonan's will was probated in Arizona, it was not recorded in McDowell County.

Also in 1999, the various Parcel 7 co-owners began to receive separate assessments for the McDowell County property taxes due on their individual, undivided interests in said property.[4] The co-owners of Parcel 7 include, but may not be limited to, the Littell Coal Trust, Hall Mining Company ("Hall Mining"), W.F. Harman heirs, and Judith Wadosky. The tax tickets for the Littell Coal Trust's 2/9 undivided interest in Parcel 7 were listed in the name of Nancy Doonan Estate and were sent to an address in Tucson, Arizona, which was the address of Mr. Littell's accountant. Mr. Littell's accountant received and paid the taxes due on the Littell Coal Trust's interest in Parcel 7 through 2002. No taxes were paid for tax year 2003 or subsequent tax years, and Mr. Littell has indicated that he is not certain why his accountant ceased paying such taxes. Following notice of the delinquent taxes, and no payment thereof, the Littell Coal Trust's 2/9 undivided interest was sold at a sheriff's tax sale

---

[4]It appears that certain of the parcel's co-owners requested that the taxes on the several interests receive separate assessments.

2

to Mr. Mullins on November 16, 2004. The parties do not dispute that the sheriff's tax sale and the pre-sale notice of delinquency were conducted in accordance with the statutory procedures therefor.

As a prerequisite to the issuance of a tax deed, Mr. Mullins searched the property and tax records in McDowell County and submitted a document to Mr. Hicks, Clerk of the McDowell County Commission, stating "No Known Heirs" as his list of individuals entitled to notice of right to redeem the subject property required by W. Va. Code § 11A-3-19(a)(1). On February 26, 2006, Mr. Hicks sent a notice of right to redeem addressed to "Nancy Doonan Estate" at the last known address for the subject property's owner, which was Mr. Littell's accountant's address, but the notice was returned "Addressee Not Known"; this is the same address to which prior tax tickets had been sent and from which they had been paid. Mr. Hicks also published a notice of right to redeem for three consecutive weeks in the local newspapers of McDowell County, West Virginia.

On April 26, 2006, Mr. Hicks, in his capacity as County Commission Clerk, issued a tax deed conveying Nancy Doonan Estate's 2/9 undivided interest in Parcel 7 to Mr. Mullins. Thereafter, in 2008, Mr. Littell filed the instant proceeding seeking to set aside said tax deed conveying his family's interest in Parcel 7 to Mr. Mullins. By order entered March 25, 2015, the circuit court upheld Mr. Mullins' tax deed for the subject undivided interest in Parcel 7. In summary, the circuit court concluded that (1) Mr. Mullins used reasonable efforts to find and provide actual notice to Mr. Littell and (2) failure to provide notice of the right to redeem to Hall Mining does not give Mr. Littell grounds for setting aside the tax deed because Hall Mining is not a party to the instant proceeding and has not attempted to assert its right to redeem. Moreover, the circuit court found that provision of notice to Hall Mining, as a co-owner of Parcel 7, would not necessarily have resulted in Hall Mining's provision of actual notice to Mr. Littell.

From this adverse ruling, Mr. Littell appeals to this Court.

In the instant proceeding, Mr. Littell contends that the circuit court erred in its interpretation and application of W. Va. Code § 11A-3-19(a)(1) and related statutes pertaining to a tax sale purchaser's duty to provide notice to redeem to those parties entitled to such notice. We previously have held that, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). *Accord* Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. 573, 466 S.E.2d 424 (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review.").

3

On appeal to this Court, Mr. Littell assigns as error the trial court's refusal to set aside the tax deed issued to Mr. Mullins because (1) Mr. Mullins failed to comply with the notice requirements of W. Va. Code § 11A-3-19(a)(1); (2) Mr. Littell was denied due process under both the United States and West Virginia Constitutions; and (3) Mr. Littell did not receive sufficient notice of his right to redeem. Mr. Mullins responds by asserting that the circuit court committed no error and properly upheld the tax deed issued to him for his purchase of Mr. Littell's 2/9 undivided interest in Parcel 7.

This case presents a straightforward application of the statutes governing the notice a purchaser of property at a tax sale is required to give, and to whom, in order to secure the deed to said property. Mr. Mullins purchased Mr. Littell's undivided interest in Parcel 7 at a tax sale in November 2004 that ostensibly was conducted in accordance with W. Va. Code § 11A-3-5 (2000) (Repl. Vol. 2010). Pursuant to W. Va. Code § 11A-3-19(a)(1) (1998) (Repl. Vol. 2005), as a prerequisite to receiving a deed to the tax sale property, Mr. Mullins was required to "[p]repare a list of those to be served with notice to redeem and request the clerk to prepare and serve the notice . . . ." W. Va. Code § 11A-3-23(a) (1998) (Repl. Vol. 2005) provides that,

> [a]fter the sale of any tax lien on any real estate pursuant to section five [§ 11A-3-5] of this article, the owner of, or any other person who was entitled to pay the taxes on, any real estate for which a tax lien thereon was purchased by an individual may redeem at any time before a tax deed is issued for the real estate. . . .

We previously have construed these two statutory provisions together, holding that

> [t]he persons entitled to notice to redeem in conjunction with a purchaser's application for a tax deed, pursuant to W. Va. Code § 11A-3-19(a)(1) (1994) (Repl. Vol. 1995), are those persons who are permitted to redeem the real property subject to a tax lien or liens, as contemplated by W. Va. Code § 11A-3-23(a) (1995) (Repl. Vol. 1995), which persons include "the owner" of such property and "any other person who was entitled to pay the taxes" thereon.

Syl. pt. 4, *Rollyson v. Jordan*, 205 W. Va. 368, 518 S.E.2d 372 (1999).

Several individual owners each possess an undivided interest in the subject real property, Parcel 7, including Mr. Littell and Hall Mining Company. While their interests in the entirety of the parcel are undivided, their individual tax obligations thereon are assessed separately and have been assessed separately since 1999. According to W. Va. Code § 11A-1-9 (1941) (Repl. Vol. 2010), "[a]ny co-owner of real estate whose interest is subject to separate assessment shall be allowed at his election to pay the taxes either on his own interest alone or in addition thereto upon the interest of any or all of his co-owners." Thus, it is apparent that, because the interests of Hall Mining and the other co-owners of Parcel 7 were

4

all subject to separate assessment, each of Parcel 7's co-owners was entitled to pay the taxes on either their own portion or on their own portion and those of any or all other co-owner(s), including Mr. Littell. As such, *all* of the co-owners of Parcel 7 were entitled to notice of the right to redeem stemming from Mr. Littell's tax delinquency. *See* W. Va. Code § 11A-3-19(a)(1); W. Va. Code § 11A-3-23(a); Syl. pt. 4, *Rollyson v. Jordan*, 205 W. Va. 368, 518 S.E.2d 372.

It is undisputed that Mr. Mullins conducted searches in the land and tax records of McDowell County to determine the individuals required to be given notice under W. Va. Code § 11A-3-19(a)(1). Mr. Mullins knew that the interest that he had purchased in Parcel 7 at the tax sale was an undivided interest, and, during his research, Mr. Mullins discovered that Hall Mining also held an undivided interest in Parcel 7. However, when he prepared his list of those persons entitled to notice to redeem, he noted only that there were "no known heirs" to the last record owner of the interest he had purchased, *i.e.*, that no heirs to the Estate of Nancy Doonan were found in the McDowell County land and tax records, presumably because neither Mr. Littell, his mother, nor the Littell Coal Interest Trust had recorded their interest in such property in the McDowell County land records or changed the taxpayer information in the county tax records. Based upon Mr. Mullins' purported compliance with the notice requirements of W. Va. Code § 11A-3-19(a)(1), the Clerk of the McDowell County Commission issued a deed, dated April 26, 2006, to Mr. Mullins for his tax sale purchase of Mr. Littell's undivided interest in Parcel 7.

While Mr. Mullins' "no heirs" statement is accurate based upon the dearth of information in the McDowell County records to associate the interest he purchased at the tax sale with Mr. Littell, Mr. Mullins' list of those entitled to notice is not complete because he failed to include any of the other co-owners of Parcel 7. Mr. Mullins was on notice that Parcel 7 had other co-owners because he knew that the interest he had purchased was an undivided interest, and he learned the identity of at least one of the other co-owners, *i.e.*, Hall Mining, when he conducted his records research upon which his "no heirs" representation was based. The same statute that requires a tax sale purchaser to prepare a list of persons entitled to notice to redeem also states that, "[f]or failure to meet these requirements, the purchaser shall lose all the benefits of his or her purchase." W. Va. Code § 11A-3-19(a). *Accord* Syl. pt. 13, *State ex rel. Morgan v. Miller*, 177 W. Va. 97, 350 S.E.2d 724 (1986) ("In the case of noncompliance with West Virginia Code § 11A-3-20 (1983 Replacement Vol.) [predecessor to current W. Va. Code § 11A-3-19], the law is clear: 'For failure to meet these requirements, the purchaser shall lose all the benefits of his purchase.' W. Va. Code § 11A-3-20 (1983 Replacement Vol.)."). Moreover, this Court has held that "'[p]ersons seeking to obtain complete title to property sold for taxes must comply literally with the statutory requirements.' Syl. pt. 1, *Cook v. Duncan*, 171 W. Va. 747, 301 S.E.2d 837 (1983)." Syl. pt. 2, *State ex rel. Morgan v. Miller*, 177 W. Va. 97, 350 S.E.2d 724. Therefore, Mr.

Mullins' failure to notify the additional co-owners of Parcel 7 who were entitled to pay the taxes thereon, and, thus, were persons who were entitled to notice to redeem, requires that the tax deed issued to Mr. Mullins be set aside.

Furthermore, Mr. Littell is authorized to bring the current action to set aside the tax deed issued to Mr. Mullins by W. Va. Code § 11A-4-3(a) (1994) (Repl. Vol. 2010):

> Whenever the clerk of the county commission has delivered a deed to the purchaser after the time specified in section twenty-seven [§ 11A-3-27] of article three of this chapter, or, within that time, has delivered a deed to a purchaser who was not entitled thereto either because of his failure to meet the requirements of section nineteen [§ 11A-3-19] of said article three, or because the property conveyed had been redeemed, the owner of such property, his heirs and assigns, or the person who redeemed the property, may, before the expiration of three years following the delivery of the deed, institute a civil action to set aside the deed. No deed shall be set aside under the provisions of this section, except in the case of redemption, until payment has been made or tendered to the purchaser, or his heirs or assigns, of the amount which would have been required for redemption, together with any taxes which have been paid on the property since delivery of the deed, with interest at the rate of twelve percent per annum.

*Accord* Syl. pt. 12, in part, *State ex rel. Morgan v. Miller*, 177 W. Va. 97, 350 S.E.2d 724 ("The right of a landowner to have the mandatory provisions of West Virginia Code § 11A-3-20 (1983 Replacement Vol.) [predecessor to current W. Va. Code § 11A-3-19] complied with literally before he is deprived of his land is fundamental[.]"). In the case *sub judice*, Mr. Littell instituted the instant civil action seeking to set aside Mr. Mullins' deed in 2008, well within the statutory three-year period that began when the County Commission Clerk issued the tax deed to Mr. Mullins on April 26, 2006. Accordingly, not only must the tax deed be set aside based upon Mr. Mullins' failure to comply with the notice requirements of W. Va. Code § 11A-3-19(a)(1), but Mr. Littell, as the divested owner of said property, is a proper party to bring the instant proceeding under W. Va. Code § 11A-4-3(a).[5]

For the foregoing reasons, the March 25, 2015, order of the Circuit Court of McDowell County is hereby reversed, and this case is remanded with directions to set aside the April 26, 2006, tax deed to Mr. Mullins upon Mr. Littell's satisfaction of the payment provisions of W. Va. Code § 11A-4-3(a).

---

[5]Because our resolution of the first issue raised by Mr. Littell is dispositive of the case *sub judice*, we need not address his remaining assignments of error which set forth alternate grounds upon which to set aside Mr. Mullins' tax deed.

Reversed and Remanded.

**ISSUED:**     April 28, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II