**Muriel M. MCKIBBEN and Vincent E. McKibben Plaintiffs,**

v.

**EASTERN HOSPITALITY MANAGEMENT, INC., Defendant.**

**No. CIV.A. 1:03CV167.**

United States District Court, N.D. West Virginia.

Oct. 21, 2003.

C. Patrick Carrick, Carrick Law, PLLC, Morgantown, WV, Counsel for Plaintiffs.

Susan R. Snowden, Ronald S. Rossi, Martin & Seibert, Martinsburg, WV, Counsel for Defendant.

### ORDER DENYING MOTION TO DISMISS

KEELEY, District Judge.

Before the Court is the motion of the defendant, Eastern Hospitality Manage-

ment, Inc. ("Eastern Hospitality"), to dismiss the complaint of the plaintiffs, Muriel and Vincent McKibben (the "McKibbens"). The motion is fully briefed and ripe for review. For the following reasons, the Court **DENIES** the defendant's motion.

## I. Procedural Background

On February 19, 2003, the McKibbens filed a complaint against Eastern Hospitality in the Circuit Court of Monongalia County, West Virginia. Pursuant to 28 U.S.C. § 1446(b), Eastern Hospitality removed the case to this Court on July 14, 2003 on the basis of diversity jurisdiction. On July 24, 2003, Eastern Hospitality moved to dismiss the McKibbens' claims as time-barred, asserting that the statute of limitations for the claims expired two days before the complaint was filed. In their rather delayed response of September 30, 2003, the McKibbens contended that the statute of limitations was tolled because the Monongalia County Courthouse was closed for legal holidays. In its reply of October 9, 2003, Eastern Hospitality argued that one of the closed days did not constitute a legal holiday and thus could not toll the statute of limitations.

## II. Discussion

■■■ The plaintiffs' complaint alleges personal injuries arising from Eastern Hospitality's tortious conduct occurring on February 17, 2001. Pursuant to West Virginia Code section 55–2–12, such actions must be brought within two years. Therefore, the statute of limitations expired on February 17, 2003. The parties agree, however, that this expiration date extended to February 18, 2003 because the Monongalia County Courthouse was closed on February 17th in observance of President's Day, a recognized legal holiday.[1] *See* W.

Va.Code §§ 2–2–1, –2(a). Nonetheless, the McKibbens did not file their complaint until February 19, 2003.

The McKibbens were unable to file their complaint on February 18th, the final day of the statute of limitations, because the county courthouse was closed due to inclement weather. On the weekend of February 14–16, 2003, Monongalia County, West Virginia, like much of the east coast of the United States, experienced one of most crippling snowstorms in the past decade. On Sunday, February 16th, Governor Bob Wise declared a state of emergency, permitting travel on state roads for emergencies only. Chandra Broadwater, *State of Emergency: Wise Closes W. Va. After Winter Storm Slashes Through,* Charleston Gazette & Daily Mail, Feb. 17, 2003, *at* 2003 WL 5446874. The storm caused several deaths and tens of thousands of power outages throughout the state.

Pursuant to West Virginia Code section 2–2–2(a), when any filing deadline "falls on a Saturday, Sunday, legal holiday, or a weather or other emergency day, the next day that is not a Saturday, Sunday, legal holiday or weather or other emergency day shall be deemed to be the one intended." However, only the chief justice of the supreme court of appeals or the chief judge of the circuit court may officially designate a "weather or other emergency day." *Id.* § 2–2–2(b)(2). Thus, Eastern Hospitality contends that the county commission had no authority to close the courthouse because of the snowstorm. Accordingly, Eastern Hospitality claims that the statute of limitations did not toll—and thus expired—on the day of improper closure. In support of its position, Eastern Hospitality relies on the West Virginia Su-

---

1. To determine the deadline under a state statute of limitations, this Court must apply the state rules of time computation. *See Al-* *onzo v. ACF Prop. Mgmt.,* 643 F.2d 578, 581 (9th Cir.1981).

preme Court's decision in *State ex rel. Morgan v. Miller*, 177 W.Va. 97, 350 S.E.2d 724 (1986), which held that an improper closing of a courthouse cannot authorize a late court filing.

The McKibbens have not presented any direct evidence that either the chief justice of the state supreme court of appeals or the chief judge of the circuit court designated February 18th a "weather or other emergency day." To the contrary, in their response to the motion to dismiss they assert that the Monongalia County Commission closed the courthouse.[2] Therefore, as a matter of statutory law, the courthouse closing was technically "improper" because it was not first authorized by the appropriate judicial official. *See* W. Va.Code § 2–2–2(b).

According to *Morgan*, "West Virginia Code [sections] 2–2–1 and 2–2–2 authorize an otherwise late filing only where the act directed to be done falls on a day on which the clerk's office is properly closed." 350 S.E.2d at 733. Since the statute of limitations deadline fell on a day on which the clerk's office was improperly closed, Eastern Hospitality argues that the McKibbens' filing came one day too late.

■ Although the defendant's conclusion may be technically correct, the Court cannot accept it as a matter of equity. As the West Virginia Supreme Court of Appeals recently held, "[i]t is ... the duty of a court to disregard a [statutory] construction, though apparently warranted by the literal sense of the words in a statute, when such construction would lead to injustice and absurdity." Syl. Pt. 2, *Chevy Chase Bank v. McCamant*, 204 W.Va. 295, 512 S.E.2d 217 (1998) (quoting Syl. Pt. 2, *Click v. Click*, 98 W.Va. 419, 127 S.E. 194 (1925)). In this Court's opinion, a review

of the facts demonstrates that the construction of West Virginia Code section 2–2–2 advocated by the defendant would produce such injustice and absurdity in the case at bar.

On February 18, 2003, Monongalia County was paralyzed by the weekend's snowstorm. *See, e.g.,* John Wilfong, *Snowstorm Plows Over Cleanup*, Dominion Post, Feb. 18, 2003. Many roads were impassable and dangerous. Power outages plagued thousands of citizens. Most businesses, schools, government agencies, and medical clinics were closed—if only because few employees could travel there to staff them. The county was under a state of emergency, as declared by the governor. Under these circumstances, it would be manifestly unjust to deny the plaintiffs their opportunity to bring an otherwise timely claim because the county commission wisely closed the courthouse during extreme weather conditions. Indeed, the chief circuit judge failed, through no fault of the plaintiffs, to officially designate those conditions as a weather emergency before the courthouse closed. This failure, in turn, *required* the plaintiffs to do the impossible: file a complaint on a day that the courthouse was "improperly," yet appropriately, closed. Therefore, the Court finds that the governing statute of limitations could not expire on a day that the courthouse was inaccessible due to inclement weather and dangerous road conditions. *Cf.* W. Va. R.Crim. P. 45(a) (tolling filing deadlines on days when "weather or other conditions have made the office of the clerk of the court inaccessible"); F.R.C.P. 6(a) (same).

The Court's extension of the McKibbens' filing deadline is an exercise in equitable

---

**2.** The plaintiffs submitted a letter from Diana DeMedici, County Administrator of the Monongalia County Commission, which stated that "the Monongalia County Courthouse was closed for business ... on Tuesday, February 18 due to dangerous road conditions and as a result of massive amounts of snow in the area."

tolling to modify the statute of limitations. The West Virginia Supreme Court of Appeals has acknowledged and applied the doctrine of equitable tolling to statutes of limitations in other situations. *See, e.g., Ind. Fire Co. No. 1 v. W. Va. Human Rights Comm'n,* 180 W.Va. 406, 376 S.E.2d 612, 614 (1988) (discussing the application of equitable tolling to statutes of limitations).[3] Therefore, to the extent that *Morgan* conflicts with the Court's ultimate conclusion, it is inapposite to the facts in issue here.

### III. Conclusion

Equity demands that treacherous weather conditions shall not deprive plaintiffs of their day in court. Since these conditions prompted the closing of the Monongalia County Courthouse on February 18, 2003, the statute of limitations could not expire on that day. Thus, the McKibbens timely filed their complaint on February 19, 2003, the next day on which the courthouse was open to the public. Because the McKibbens filed within the statute of limitations, the Court **DENIES** Eastern Hospitality's motion to dismiss (dkt. no. 4).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

---

**3.** In discussing different types of equitable modification, the *Independent Fire Company No. 1* court noted that " 'equitable tolling … often focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant.' " 376 S.E.2d at 614 (quoting *Mull v. ARCO Durethene Plastics, Inc.,* 784 F.2d 284, 291 (7th Cir.1986) (internal quotation and citations omitted)).