**Mildred ALLIE, Plaintiff,**

v.

**WHOLE FOODS MARKET GROUP, INC., Defendant.**

**Case No. 1:10–cv–813 (GBL).**

United States District Court, E.D. Virginia, Alexandria Division.

Oct. 5, 2010.

reasons stated.

Richard E. Patrick, Patrick Henry LLP, Annandale, VA, for Plaintiff.

Heather Shoaf Deane, Bonner Kiernan Trebach & Crociata, Washington, DC, for Defendant.

### MEMORANDUM ORDER

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Defendant Whole Foods Market Group, Inc.'s ("Whole Foods") Motion to Dismiss the Second Amended Complaint. (Dkt. No. 2.) This case concerns Plaintiff Mildred Allie's negligence claims against Defendant for a slip and fall accident that occurred while she was visiting a Whole Foods store in Alexandria, Virginia. There are two issues before the Court. The first issue is whether the Court should grant Defendant's Motion to Dismiss the Second Amended Complaint where Plaintiff filed her original Complaint six days after expiration of the two-year statute of limitations because of unprecedented snow storms that resulted in the closure of the Alexandria Circuit Court's Clerk's Office. The second issue is whether the Court should award Plaintiff attorney's fees for the time her attorney spent on responding to Defendant's Motion to Dismiss.

The Court denies Defendant's Motion to Dismiss because the closure of the clerk's office constitutes an act of the General Assembly that allowed Plaintiff to file her complaint six days after expiration of the statute of limitations. The Court also denies Plaintiff's request for attorney's fees because Plaintiff fails to establish grounds for granting such an award.

## I. Background

On February 10, 2008, Plaintiff Ms. Mildred Allie went grocery shopping at the Whole Food's store located on Duke Street in Alexandria, Virginia. Ms. Allie claims that a slippery substance on a flight of steps in the store caused her to fall down the stairs. Ms. Allie asserts that she was severely injured in the fall.

In Virginia, the applicable statute of limitations for a personal injury action is two years; thus, Plaintiff had until February 10, 2010, to file suit for her fall. However, during the month of February the Washington, D.C., area experienced unprecedented and severe snow storms. The City of Alexandria government closed the Alexandria Circuit Court on Sunday, February 7, 2010, until Friday, February 12, 2010, because of the snow. The City of Alexandria also closed the courthouse on Monday, February 15, 2010, for President's Day.

On February 16, 2010, Plaintiff filed her original complaint with the Alexandria Circuit Court. February 16, 2010, was the first day that the courthouse was open following the inclement weather closures and the federal holiday. Plaintiff amended her Complaint on May 11, 2010, and again on May 27, 2010. On July 22, 2010, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. (Dkt. No. 1.) Defendant now moves the Court to dismiss the Second Amended Complaint as untimely (Dkt. No. 2) and Plaintiff seeks an award of attorney's fees

for having to defend against the Motion to Dismiss (Dkt. No. 4).

## II. Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 561, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted); *see* FED.R.CIV.P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal,* 129 S.Ct. at 1949 (internal citations omitted). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.; Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949; *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel,* 43 F.3d 918, 921 (4th Cir.1995). Because the central purpose of the complaint is to provide the defendant "fair notice of [what] the plaintiff's claim [is] and the grounds upon which it rests," the plaintiff's legal allegations must be sup-

ported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly,* 550 U.S. at 556 n. 3, 127 S.Ct. 1955.

### III. Analysis

The Court denies Defendant's Motion to Dismiss because section 1–210(C) of the Virginia Code allows a plaintiff to file a civil action outside of the statute of limitations if the clerk's office is closed by an act of the General Assembly. The Court also denies Plaintiff's request for attorney's fees because she fails to adequately demonstrate an entitlement to such an award under any legal theory.

### A. Motion to Dismiss

■ The Court denies Defendant's Motion to Dismiss because the clerk's office was closed as authorized by an act of the General Assembly and, thus, Plaintiff's Complaint was properly filed. Personal injury actions must be brought within two years after the incident occurs. Va.Code Ann. § 8.01–243 (2010). Section 1–210 governs the computation of time for legal actions that must be filed within a specified period of time and states as follows:

> When an act of the General Assembly specifies a maximum period of time in which a legal action may be brought and the last day falls on a Saturday, Sunday, legal holiday, or a day or part of a day which the clerk's office is closed as authorized by an act of the General Assembly, the action may be brought on the next day that is not a Saturday, Sunday, legal holiday, or day or part of a day on which the clerk's office is closed as authorized by an act of the General Assembly.

§ 1–210(C).

Here, Defendant argues that the snow closures were not authorized by "an act of the General Assembly" as required under section 1–210(C) and, therefore, Plaintiff's

Complaint was not timely filed. The Court rejects this argument because the clerk's office was closed as authorized by an act of the General Assembly. Section 17.1–207 of the Virginia Code allows

> [The] presiding judge of the circuit court of any county or city [to] authorize the clerk of such court to close the clerk's office on any day when the chief judge ... determines that operation of the clerk's office, under prevailing conditions, would constitute a threat to the health and safety of the clerk's office personnel or the general public.

Va.Code Ann. § 17.1–207 (2010). Here, the clerk's office was closed on February 7, 2010, through February 12, 2010, because of hazardous snow storms, which were a threat to the health and safety of the clerk's office personnel and the general public. *See* § 17.1–207. Plaintiff provided evidence that the clerk's office was closed at the direction of the City of Alexandria government. (Pl.'s Opp'n Ex. 1.) The Court holds that the clerk's office closure was proper under section 17.1–207 even though a presiding judge did not authorize the closure because reading the statutory language too narrowly would lead to "absurdity and injustice." *See McKibben v. Eastern Hospitality Mgmt., Inc.,* 288 F.Supp.2d 723, 725 (N.D.W.Va.2003)

In *McKibben* the defendant similarly argued that the statute of limitations was not tolled because the plaintiff provided evidence that the clerk's office closed at the direction of the county commissioner and not the chief judge as required under the applicable statute. *Id.* There, the court held that "it would be manifestly unjust to deny plaintiffs their opportunity to bring an otherwise timely claim because the county commission wisely closed the courthouse during extreme weather conditions." *Id.* The court also held that, in

some in stances, interpreting statutory language too narrowly can lead to "absurdity and injustice." *Id.* This Court applies the same logic here and holds that it would be unjust to deny Plaintiff the right to file her Complaint simply because the city government closed the court and not a presiding judge. The entire Commonwealth of Virginia was under a declared state of emergency during this time period. Press Release, Office of the Governor, Virginia Department of Emergency Management, Governor McDonnell Declares State of Emergency Ahead of Next Major Snow Storm, (Feb. 3, 2010); Exec. Order No. 7 (2010). The snowstorms that hit this area were called "Snowmageddon" because of the number of storms, the amount of accumulation, and because the whole region was paralyzed. See Ashley Halsey & Martin Weil, Snowstorm's Intensity *has B.C. Region Hunkering Down*, Wash. Post, Feb. 6, 2010; Brian K. Sullivan, *Washington Set for 'Snowmageddon'*, Bloomberg Businessweek, Feb. 5, 2010. In fact, Virginia citizens were directed to stay off the roads during the storms. (Pl.'s Opp'n Ex. 1.) Requiring Plaintiff to file her claim within the statute of limitations period would be tantamount to "requiring [Plaintiff] to do the impossible: file a complaint on a day that the courthouse was 'improperly', yet appropriately, closed." *McKibben,* 288 F.Supp.2d at 725. Therefore, the Court holds that the snow closures were authorized under section 17.1–207 of the Virginia Code, which is an act of the General Assembly, thereby tolling the statute of limitations under section 1–210(C) and rendering Plaintiff's original Complaint timely filed. For the foregoing reasons the Court denies Defendant's Motion to Dismiss.

*B. Plaintiff's Request for Attorney's Fees*

██ The Court denies Plaintiff's request for attorney's fees because Plaintiff fails to demonstrate an entitlement to such relief under any legal theory. Under the "American Rule," parties are responsible for bearing the costs of their own attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). As such, courts generally will not award attorney's fees absent explicit statutory authority. *Key Tronic Corp. v. United States,* 511 U.S. 809, 814–15, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994). The one caveat to this rule is the "bad faith exception," which allows courts to assess an attorney fee sanction without statutory authority but only in "narrowly defined circumstances." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). In addition, attorneys who engage in vexatious or frivolous litigation may be amenable to fee sanctions under 28 U.S.C. § 1927 or Federal Rule Civil Procedure 11. *See* 28 U.S.C. § 1927 (2006); FED.R.CIV.P. 11; *see also Blair v. Shenandoah Women's Ctr.,* 757 F.2d 1435, 1437 (4th Cir.1985).

██ Here, Plaintiff fails to establish an entitlement to attorney's fees under 28 U.S.C. § 1927 because Defendant's Motion to Dismiss has not unreasonably multiplied the proceedings in this case. As to § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (2006). Section 1927 sanctions are imposed on attorneys who greatly multiply the proceedings and typically "the filing of a single [document] cannot be held to have multiplied the proceedings unreasonably and vexatiously . . . ." *In re Gould,* 77 Fed.Appx. 155, 163 (4th Cir.2003) (holding that the district court did not abuse its discretion by awarding attorneys' fees against attorney

who multiplied the proceedings by failing to adhere to trial judge's evidentiary ruling); *DeBauche v. Trani,* 191 F.3d 499, 511 (4th Cir.1999). Here, a § 1927 sanction is inappropriate because Defendant filed only a simple, three-page motion to dismiss. *See* § 1927; *DeBauche,* 191 F.3d at 511. The motion is straightforward and defending the motion did not overly burden Plaintiff. Therefore, Plaintiff has failed to establish a right to relief under § 1927.

Likewise, Plaintiff is not entitled to an attorney fee award under Rule 11 because Plaintiff failed to comply with Rule 11's procedural requirements. Rule 11 requires attorneys to ensure that all papers filed with the court are "not being presented for any improper purpose . . . [and that] the claims . . . are warranted by existing law or by a nonfrivolous argument for extending . . . [the] existing law. . . ." FED.R.CIV.P. 11. A motion for sanctions under Rule 11 "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED.R.CIV.P. 11. Therefore, "[i]t is clear from the language of the rule that it imposes mandatory obligations upon the party seeking sanctions, so failure to comply with the procedural requirements precludes the imposition of the requested sanctions." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.,* 369 F.3d 385, 389 (4th Cir.2004). Here, Plaintiff has not met the procedural requirements for a Rule 11 sanction. Plaintiff failed to file a separate motion specifically explaining how Defendant's conduct violates Rule 11. Therefore, the Court will not impose an attorney fee sanction under Rule 11 because the procedural requirements are not met.

The Court also declines to use its discretion to issue an attorney fee sanction under the bad-faith exception because Defendant has not egregiously abused the judicial process. The bad-faith exception must be exercised with restraint and discretion and only imposed "against counsel who willfully abuse judicial processes." *Roadway,* 447 U.S. at 764, 100 S.Ct. 2455. Here, the Court finds no willful abuse of the judicial process because Defendant filed only one motion three pages in length. For the foregoing reasons, the Court denies Plaintiff's request for attorney's fees.

### IV. Conclusion

The Court denies Defendant's Motion to Dismiss because Plaintiff's original Complaint was timely filed under section 1–210(C) of the Virginia Code. The Court also denies Plaintiff's request for attorney's fees because Plaintiff is not entitled to relief under any legal theory. Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss is DENIED.