COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Athey and Callins
Argued at Lexington, Virginia


MICHAEL RENEA JOHNSON

                                      MEMORANDUM OPINION[*] BY
v.       Record No. 0613-22-3       JUDGE MARY BENNETT MALVEAUX
                                        APRIL 11, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

Fred D. Smith, Jr. (Fred D. Smith, Jr., P.C., on briefs), for appellant.

John Beamer, Assistant Attorney General (Jason S. Miyares,
Attorney General; Leah A. Darron, Senior Assistant Attorney
General, on brief), for appellee.


Michael Renea Johnson[1] ("appellant") was convicted in a bench trial of assault and

battery against a household member, in violation of Code § 18.2-57.2; abduction with intent to

defile, in violation of Code § 18.2-48; strangulation, in violation of Code § 18.2-51.6; forcible

sodomy, in violation of Code § 18.2-67.1; and larceny, third offense, in violation of Code

§ 18.2-104. On appeal, he argues that the trial court erred in denying his motion to dismiss

alleging a violation of his constitutional right to a speedy trial. For the following reasons, we

affirm the trial court.

---

[*] This opinion is not designated for publication. *See* Code § 17.1 413.

[1] Johnson's middle name is variously rendered "Renea," "Renae," and "Rena" throughout
the record.

## I. BACKGROUND

"'In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below].' Accordingly, we regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Meade v. Commonwealth*, 74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

Appellant was arrested for assault and battery against a household member, strangulation, and forcible sodomy on December 9, 2019. Held without bail, appellant was appointed representation from the Office of the Public Defender of the City of Martinsville. The juvenile and domestic relations district court certified appellant's strangulation and forcible sodomy charges to a grand jury after a preliminary hearing on March 4, 2020. The grand jury subsequently returned indictments for those offenses, as well as direct indictments for assault and battery against a household member, abduction with intent to defile, and larceny, third offense.

Appellant was arraigned on the strangulation and sodomy charges on May 19, 2020. During the arraignment, counsel for appellant noted that there would be additional indictments arising from the same incidents. Counsel accordingly requested that the trial court either continue the matter or "set it for a trial date far enough out that those additional charges can be folded in[]." The court then proposed two trial dates, but the first was unavailable to counsel for appellant and the second was unavailable to the Commonwealth. After noting the recent Supreme Court orders addressing the COVID-19 pandemic, the court then suggested an August 14, 2020 trial date, to which counsel for appellant consented.[2] By order dated May 19, 2020, the

---

[2] On March 16, 2020, the Governor of Virginia, acting in response to the spread of COVID-19, requested a declaration of judicial emergency from the Supreme Court of Virginia. *See In Re: Order Declaring a Judicial Emergency in Response to COVID-19 Emergency* (Va. Mar. 16, 2020). That same day, the Supreme Court entered an order suspending all non-essential, non-emergency proceedings in all circuit and district courts, tolling and extending

trial court set the strangulation and forcible sodomy charges for trial on August 14, 2020 and "continued [the case] on the joint motion of counsel."

On June 15, 2020, appellant was arraigned on the direct indictment charges. That same day, the trial court entered an order noting that appellant was waiving a jury trial and reiterating appellant's August 14, 2020 trial date. The order noted that the matter was continued to August 14 "on the joint motion of the Commonwealth's Attorney and the [appellant]."

Three days before trial, the Commonwealth moved to continue the case due to the illness of the Commonwealth's attorney. The Commonwealth's attorney later told the court that his illness was "due to [him] getting Covid." Over the unspecified objection of appellant's counsel, the trial court granted the Commonwealth's motion and continued the matter to September 2, 2020.[3]

On that date, the parties appeared before the court to set a new trial date. The court initially proposed December 7, 2020, but appellant's counsel stated that she would be unavailable on that date. The Court then suggested December 14, 2020, to which both parties agreed.

On December 14, 2020, the parties appeared for trial. At the outset of proceedings, the Commonwealth's attorney moved for a continuance. He informed the court that he was feeling unwell and did not think he could adequately represent the Commonwealth at that time, due to what "appear[ed] to be post[-]Covid symptoms." The court granted the motion and continued

---

all deadlines for twenty-one days, and "[c]ontinu[ing] all civil, traffic and criminal matters . . . subject to a defendant's right to a speedy trial." *Id.* Thirty-nine subsequent orders of the Court extended the judicial emergency, to include tolling of statutory speedy trial deadlines, through June 22, 2022. *See In Re: Fortieth Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency* (Va. May 27, 2022). These and other orders of the Supreme Court relating to the COVID-19 pandemic are available on the website of Virginia's judicial branch at, https://www.vacourts.gov/main.htm.

[3] The record does not contain a transcript of the August 11, 2020 hearing.

the case to February 18, 2021 to set a new trial date. That same day, the court entered an order reflecting the continuance and noting that "the Commonwealth became ill[,] made a motion to continue, no objection of [appellant]."

On February 17, 2021, the day before the scheduled hearing, the presiding judge of the Martinsville Circuit Court entered a continuance order for all matters scheduled to be heard the following day. Acting pursuant to his authority under Code § 17.1-207(A)(3), the judge determined that impending inclement weather necessitated closure of the court and continued all the affected matters to March 16, 2021.

At a hearing on that date, the trial court suggested thirteen new trial dates ranging from April 19 to July 23, 2021. Five of those dates were unavailable to the Commonwealth, and the remaining eight presented conflicts for appellant's counsel. Ultimately, the court suggested July 26, 2021 as a new trial date, and the parties agreed. The court entered an order that same day that memorialized the new trial date. Signed by appellant, his counsel, and the Commonwealth's attorney, the order reflected no objections to the new date.

On May 12, 2021, counsel for appellant moved the trial court to withdraw due to a conflict of interest that had come to her attention. The court granted the motion on May 14, 2021 and appointed a new attorney for appellant.

At a hearing on May 18, 2021, appellant's newly appointed counsel informed the trial court that he would be unavailable on the July 26, 2021 trial date.[4] At the conclusion of the hearing, the court entered an order setting a new trial date of August 3, 2021. The order was signed by appellant, his newly appointed counsel, and the Commonwealth's attorney, without objection by any party.

---

[4] The record does not contain a transcript of the May 18, 2021 proceedings.

The day before trial, appellant filed a motion to dismiss all the charges. He argued that his state and federal constitutional rights to a speedy trial had been violated because his nineteen-month detention without trial was so lengthy as to be presumptively prejudicial under *Barker v. Wingo*, 407 U.S. 514 (1972), and *Fowlkes v. Commonwealth*, 218 Va. 763 (1978). When the parties appeared for trial the following day, the court continued the case for argument on appellant's motion to dismiss and set a new trial date of December 17, 2021.

At a November 19, 2021 hearing on the motion to dismiss, appellant argued that he had been held in jail for 710 days, that such a lengthy pre-trial detention was presumptively prejudicial under *Barker* and *Fowlkes*, and that further analysis as required by those cases would show his defense had suffered "irreparable prejudice." The Commonwealth contended that much of the delay was chargeable to or had been acquiesced in by appellant and that appellant had failed to demonstrate any prejudice to his defense.

In ruling on the motion, the trial court considered each of the four factors enumerated by *Barker* and *Fowlkes*. First, with respect to the length of the delay in bringing appellant to trial, the court found that the 710-day period of pretrial incarceration to that point was presumptively prejudicial and necessitated further inquiry. The court also found that the delay was the product of five continuances. One continuance occurred when the court was closed due to inclement weather on February 18, 2021, and the court did not charge that continuance against either party because it "concerned matters of public safety." Two continuances had been requested by the Commonwealth, on August 11 and December 14, 2020, because the Commonwealth's attorney had been ill.[5] A further two continuances had been granted on behalf of appellant: on May 18, 2021, when appellant's newly appointed counsel informed the court that he would be unavailable

---

[5] During argument, the Commonwealth's attorney erroneously referred to the first continuance date as August 14, 2020, and the trial court adopted and repeated that erroneous date in its own statements.

on the July 26, 2021 trial date; and on August 3, 2021, when a continuance was granted so that appellant's motion to dismiss could be considered.[6]

Second, the court considered the reasons for the delay in bringing appellant to trial. Because one continuance was due to court action in response to inclement weather and two were chargeable to appellant, the two continuances at issue were those the Commonwealth requested due to illness on August 11 and December 14, 2020. The court found that both continuances had been justifiable, given the COVID-19 pandemic that had made it "extremely difficult, to say the least, to get cases to trial."

With respect to factor three—the assertion of the right to a speedy trial—the court found that the factor weighed in appellant's favor "because although he did not object to the second continuance of the Commonwealth, he did object to the first." Lastly, in considering prejudice to appellant—the fourth factor—the court noted that only two continuances were chargeable to the Commonwealth, and both had been "entirely justifiable." Consequently, "[t]he only reason for the delay" on the part of the Commonwealth in bringing appellant to trial had been illness on the part of the Commonwealth's attorney, and there had been "no negligence on the part of the Commonwealth in the failure to try [appellant] before now." Considering all relevant factors together, the trial court denied appellant's motion to dismiss.[7] This appeal followed.

---

[6] Also during argument, the Commonwealth's attorney erroneously referred to the second continuance date as August 10, 2021, and the trial court erroneously referred to the date as August 20, 2021.

[7] In so ruling, the court necessarily held that the Commonwealth had overcome the presumption of prejudice found by the court when it considered the first *Barker* factor—the length of the delay in bringing appellant to trial. *See, e.g.*, *Osman v. Commonwealth*, 76 Va. App. 613, 668 (2023) (holding, after "weighing and balancing all the [*Barker*] factors together," that "their sum total rebuts the presumption" of prejudice established under the first factor).

## II. ANALYSIS

Appellant argues that the trial court erred in denying his motion to dismiss on federal and state constitutional speedy trial grounds,[8] because the Commonwealth "failed to prove justification for that part of the delay attributable to the Commonwealth."

"Constitutional issues present questions of law reviewed *de novo* on appeal. To the extent such review involves underlying factual findings, those findings may not be disturbed unless 'plainly wrong' or 'without evidence to support them.'" *Ali v. Commonwealth*, 75 Va. App. 16, 33 (2022) (citation omitted) (quoting *Wilkins v. Commonwealth*, 292 Va. 2, 7 (2016)).

"In contrast to the statutory right to a speedy trial, the constitutional right to a speedy trial . . . 'is governed by a balancing test that is not tied inextricably to calendar dates.'" *Osman v. Commonwealth*, 76 Va. App. 613, 659 (2023) (quoting *Brown v. Commonwealth*, 75 Va. App. 388, 406-07 (2022)). Thus, "[u]nlike the statutory speedy trial right in Virginia, the constitutional right cannot be 'quantified into a specified number of days or months.'" *Ali*, 75 Va. App. at 34 n.6 (quoting *Barker*, 407 U.S. at 523). Instead, "[t]he determination of whether an accused has been denied the constitutional right to a speedy trial requires 'a difficult and sensitive balancing process' in which the court examines on an *ad hoc* basis the conduct of both the state and the accused which led to a delay in prosecution." *Kelley v. Commonwealth*, 17 Va. App. 540, 544 (1994) (quoting *Barker*, 407 U.S. at 530). Such a determination "requires balancing four factors—the '[l]ength of delay, the reason for the delay, the defendant's assertion

---

[8] "Both the United States and Virginia Constitutions provide criminal defendants with the right to a speedy trial. Virginia's constitutional speedy trial right is coextensive with the federal right." *Ali v. Commonwealth*, 75 Va. App. 16, 33-34 (2022) (citations omitted). *See* U.S. Const. amend. VI; Va. Const. art. 1, § 8. "Accordingly, such claims may be analyzed 'without distinction.'" *Ali*, 75 Va. App. at 34 (quoting *Holliday v. Commonwealth*, 3 Va. App. 612, 615 (1987)).

of his right, and prejudice to the defendant.'" *Ali*, 75 Va. App. at 34 (alteration in original) (quoting *Barker*, 407 U.S. at 530). An appellant must establish that these factors, considered together, "weigh in his favor." *Id.* at 35 (quoting *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)).

Here, considering the first factor—the length of the delay in bringing appellant to trial—the trial court found that appellant's pretrial detention was sufficiently lengthy to be presumptively prejudicial. Such a conclusion "triggers consideration of the other *Barker* factors," including the one addressed by appellant's assignment of error: "the reasons for [the] delay."[9] *Osman*, 76 Va. App. at 660. In considering this factor, "the burden '[shifts to] the Commonwealth' . . . to show two things." *Ali*, 75 Va. App. at 36 (first alteration in original) (quoting *Beachem v. Commonwealth*, 10 Va. App. 124, 131-32 (1990)). "First, the prosecution must show 'what delay was attributable to the defendant and not to be counted against the Commonwealth.' Second, it must show what part of any delay not attributable to the defendant was 'justifiable.'" *Id.* (quoting *Fowlkes*, 218 Va. at 767).

Appellant concedes that the failures to proceed to trial on the specific dates of August 14 and December 14, 2020 were justifiable because of the COVID-19 illness of the Commonwealth's attorney. He also concedes that the failure to proceed to trial on the specific date of February 18, 2021 was justifiable because of inclement weather. However, he contends that "the Commonwealth fails to show justification for not trying [appellant] on any other days between [appellant's] arrest and the March 16, 2021, administrative calendar" and that "[a]ll these further delays were attributable to the Commonwealth." Accordingly, appellant argues,

---

[9] During oral argument, counsel for appellant was asked if appellant's assignment of error was "narrowly drawn" to simply question "what [were] justified delays," and he acknowledged this was the case. Accordingly, given our resolution of this matter, *supra*, we need not address the remaining *Barker* factors—"the defendant's assertion of his right [to a speedy trial], and prejudice to the defendant." *Ali*, 75 Va. App. at 34 (quoting *Barker*, 407 U.S. at 530).

"[b]ecause the Commonwealth failed to 'spread on the record' the reasons for the . . . delays attributable to the initial trial setting and the two subsequent continuances, it was negligent" and "breached its [speedy trial] duty."

### A. Apportionment of Delay Between the Commonwealth and Appellant

This Court must first determine which portion of the delay between appellant's arrest on December 9, 2019 and March 16, 2021 is attributable to appellant and which portion is attributable to the Commonwealth. "[A]ny delay not attributable to the defendant is the responsibility of the Commonwealth for speedy trial purposes." *Ali*, 75 Va. App. at 42. A defendant is chargeable with a delay where he requested a continuance, *see Price v. Commonwealth*, 24 Va. App. 785, 790-91 (1997), or concurred in a continuance, *see Arnold v. Commonwealth*, 18 Va. App. 218, 223, *aff'd on reh'g en banc*, 19 Va. App. 143 (1994).

### 1. December 9, 2019 to May 19, 2020: Arrest to Initial Arraignment

Appellant was arrested on December 9, 2019, and "the constitutional speedy trial clock begins at the time of a defendant's arrest." *Wallace v. Commonwealth*, 65 Va. App. 80, 98 (2015). Appellant was arraigned on charges of strangulation and forcible sodomy on May 19, 2020. Although the trial court did not specifically consider the 163-day period between these two dates, it is "attributable to the Commonwealth in the ordinary course of the administration of justice." *Ali*, 75 Va. App. at 37.

### 2. May 19, 2020 to August 14, 2020: Initial Arraignment to First Trial Date

During appellant's initial arraignment on May 19, 2020, counsel for appellant informed the trial court that additional charges against appellant would be forthcoming and requested that the court either continue the matter or set trial "far enough out that those additional charges can be folded in[]." After the court suggested one trial date that was unavailable for appellant's counsel and a second trial date that was unavailable for the Commonwealth, the court suggested

August 14, 2020. Counsel for appellant and the Commonwealth's attorney consented to this date, and the trial court entered an order that continued the matter to trial on August 14, 2020 "on the joint motion of counsel."[10]

Eighty-seven days elapsed between the initial arraignment on May 19, 2020 and the first trial date of August 14, 2020. Although the trial court did not specifically consider this period, it is attributable to appellant. Counsel for appellant initially sought a trial date "far enough out" to encompass both the existing and the forthcoming charges against appellant, and then consented to the August 14, 2020 date. Further, the trial court's order memorializing the initial arraignment specified that appellant's case was continued to that date on a joint motion of the parties. Thus, appellant concurred in the delay from May 19 to August 14, 2020. *See Arnold*, 18 Va. App. at 223.

### 3. August 14, 2020 to December 14, 2020: The First Illness Continuance

Three days before the first trial date, the Commonwealth's attorney moved the court for a continuance due to an illness that rendered him "unable to prosecute the . . . case[]." As the Commonwealth's attorney later explained to the court, he was ill at that time with COVID-19. The trial court granted the continuance over an unspecified objection by counsel for appellant and continued the matter to September 2, 2020 to set a new trial date. At the September 2, 2020 hearing, the parties agreed to a trial date of December 14, 2020. The trial court found that this period of 122 days was attributable to the Commonwealth and did not err in doing so because the Commonwealth was the party that had moved for a continuance.

---

[10] Although the transcript of the May 19, 2020 arraignment does not reflect such a "joint motion," the trial court's order indicates such a motion, and "[a] court speaks through its orders and those orders are presumed to accurately reflect what transpired." *Epps v. Commonwealth*, 66 Va. App. 393, 401 (2016) (quoting *McBride v. Commonwealth*, 24 Va. App. 30, 35 (1997)).

### 4. December 14, 2020 to February 18, 2021: The Second Illness Continuance

At the outset of proceedings on December 14, 2020, the Commonwealth's attorney informed the trial court that he was feeling unwell and did not think he could adequately represent the Commonwealth due to what he believed were "post[-]Covid symptoms." The Commonwealth moved for a continuance, and the court granted the motion and continued the matter to February 18, 2021 to set a new date for trial. The trial court attributed this sixty-six-day period between December 14, 2020 and February 18, 2021 to the Commonwealth and was correct to do so because the Commonwealth was the party who had requested the continuance.

### 5. February 18, 2021 to March 16, 2021: The Inclement Weather Continuance

The day before the February 18, 2021 hearing date, the presiding judge of the Martinsville Circuit Court issued an order closing the court due to impending inclement weather. All matters that were scheduled to be heard on February 18, 2021, including appellant's, were continued until March 16, 2021. Although the trial court did not attribute this delay of twenty-six days to either party because it "concerned matters of public safety," because it is a delay not attributable to appellant, it is attributable to the Commonwealth. *See Ali*, 75 Va. App. at 42.

### 6. Summary of Apportioned Delays Prior to March 16, 2021

Here, there were five distinct delays in bringing appellant to trial during the period appellant challenges on brief: an arrest to initial arraignment period of 163 days, which is attributable to the Commonwealth; a period of eighty-seven days from the initial arraignment to the first trial date, which is attributable to appellant; an illness-related delay of 122 days between the first and second trial dates, which is attributable to the Commonwealth; a further illness-related delay of sixty-six days following the second trial date, which is also attributable to

- 11 -

the Commonwealth; and a final twenty-six-day delay due to inclement weather, which is also attributable to the Commonwealth. Thus, four of the five delays during the period challenged by appellant are attributable to the Commonwealth, representing 377 of 464 elapsed days. Accordingly, we reject appellant's argument that all the delays in bringing him to trial between December 9, 2019 and March 16, 2021, except for the three specific dates on which the Commonwealth's attorney was ill and the court issued its inclement weather order, were attributable to the Commonwealth.

B. Justification for Delays Attributed to the Commonwealth

After determining the delays in bringing appellant to trial, and how those delays should be apportioned between the parties, we "must determine what part of the delay assigned to the [Commonwealth] was justifiable." *Ali*, 75 Va. App. at 42. In considering this question, "the intent of the [Commonwealth] becomes highly relevant." *Beachem*, 10 Va. App. at 132. "*Barker* recognizes three categories of fault for delay attributable to the government—delay that is deliberately improper, merely negligent, and valid and unavoidable." *Ali*, 75 Va. App. at 42. Deliberately improper delay, "such as that caused with an intent to 'hamper the defense' or harass the defendant, 'should be weighed heavily against the government.'" *Id.* (quoting *Barker*, 407 U.S. at 531 & n.32). Merely negligent delay may arise from "[n]egligence in scheduling, understaffing of a prosecutor's office, or 'overcrowd[ing of the] courts,'" and "receives 'less' weight 'but nevertheless [is] considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'" *Id.* (alterations in original) (quoting *Barker*, 407 U.S. at 531). Lastly, "a reason deemed 'valid' fully 'justif[ies] appropriate delay.'" *Id.* (alteration in original) (quoting *Barker*, 407 U.S. at 531).

With respect to the delays attributable to the Commonwealth, appellant does not argue that they were deliberately improper. Instead, he contends only that the Commonwealth was

- 12 -

negligent in failing to bring him to trial soon after his arrest or during subsequent continuances. Appellant argues that this negligent delay is reflected in the Commonwealth's failure to "place[] . . . evidence in the record to explain or justify" the delays attributable to it and that in the absence of such positive, affirmative evidence providing justification, the Commonwealth's delays were necessarily unjustifiable.

We are unpersuaded by appellant's argument. With respect to the first period of delay attributable to the Commonwealth—the 163 days that elapsed between appellant's arrest and his initial arraignment—this delay is "assign[able] to the administration of justice." *Ali*, 75 Va. App. at 45. *See also Fowlkes*, 218 Va. at 766 (noting that "in the orderly administration of justice, some delay is unavoidable and some essential to due process"). This Court recently held that a delay of 244 days that was due to the administration of justice, and for which there was no evidence of intentional or negligent conduct by the Commonwealth, was "valid and unavoidable." *Ali*, 75 Va. App. at 45. Thus, it fell into *Barker*'s third category of delays chargeable to the prosecution that was "fully 'justif[ied].'" *Id.* at 42 (quoting *Barker*, 407 U.S. at 531). Like the 244-day period of delay in *Ali*, the 163-day period attributable to the administration of justice here was not accompanied by any evidence of intentional or negligent conduct by the Commonwealth, and thus was fully justifiable.

The second and third delays chargeable to the Commonwealth were caused by the COVID-19 illness of the Commonwealth's attorney at the first two trial dates. Three days before the first trial date, the Commonwealth's attorney moved the court for a continuance because he had contracted COVID-19. Trial was scheduled for August 14, 2020 in an open courtroom. This Court has recently acknowledged that "the pandemic made it unsafe for . . . trial participants to come to court . . . rendering them justifiably absent to protect their 'health and safety.'" *Id.* at 44 (quoting *United States v. Morgan*, 493 F. Supp. 3d 171, 219 (W.D.N.Y. 2020)). Absenting

- 13 -

himself from court proceedings until he recovered from a highly infectious and novel disease was a justifiable measure by which the Commonwealth's attorney sought to safeguard his own health and the health of other trial participants. At the second trial date, the Commonwealth's attorney informed the court that due to the ongoing effects of his COVID-19, he did not feel he could adequately represent the Commonwealth at that time. As this Court has recognized, it is a "faulty premise[] that prosecutors are interchangeable and can be substituted, one for another, on the eve of trial without adequate preparation." *Wallace*, 65 Va. App. at 95. Accordingly, we conclude that the two delays attributable to the Commonwealth due to COVID-19 illness were justified.[11]

The fourth and final delay attributable to the Commonwealth was the twenty-six-day period that arose from the closure of the trial court due to inclement weather. Although the trial court did not attribute that period of delay to either party, it did find that the delay "concerned matters of public safety." We conclude that this delay due to public safety concerns arising from inclement weather was valid and fully justified. *See, e.g.*, *United States v. Richman*, 600 F.2d 286, 293-94 (1st Cir. 1979) (holding there was "no constitutional [speedy trial] deprivation" where the delay in prosecution arose, in part, from a "devastating snowstorm" that required a continuance); *cf. Allie v. Whole Foods Market Grp., Inc.*, 746 F. Supp. 2d 773, 776 (E.D. Va. 2010) (holding that circuit court closure pursuant to Code § 17.1-207 "because of hazardous

---

[11] Appellant argues that the trial court relied on the Virginia Supreme Court's emergency orders tolling the provisions of Virginia's Speedy Trial Act "as *carte blanche* justification for delays" and questions whether such reliance was "sufficient . . . to prove the justification for the length of delays." An examination of the record demonstrates that the court did not, in fact, rely upon the emergency orders as authority for its finding that the two continuances chargeable to the Commonwealth for illness were justified. Rather, the court referred to the orders as one example among several of the significant disruptions to normal court operations occasioned by the COVID-19 pandemic.

snow storms, which were a threat to the health and safety of [staff] and the general public," was a proper exercise of statutory power authorized by the General Assembly).

Contrary to appellant's argument, the evidence supports the conclusion that the delays at issue that were attributable to the Commonwealth were valid and justified. Thus, the evidence supports the trial court's finding at the hearing on the motion to dismiss that there had been "no negligence on the part of the Commonwealth in the failure to try [appellant]" prior to that time. Finding no error by the trial court as alleged by appellant, we agree with the court's conclusion that the reasons for the delay in bringing appellant to trial, considered and balanced together with the other *Barker* factors, overcame the presumptive prejudice of appellant's lengthy pre-trial incarceration and did not weigh in appellant's favor. Accordingly, we affirm the trial court's denial of appellant's motion to dismiss on constitutional speedy trial grounds.

### III. CONCLUSION

For the foregoing reasons, we find no error by the trial court in denying appellant's motion to dismiss and affirm appellant's convictions.

*Affirmed.*